338 So.2d 88 (1976)
Linda J. DOWLING and Elaine C. Wolter, Appellants,
v.
BLUE CROSS OF FLORIDA, INC., a Florida Corporation, and Blue Shield of Florida, Inc., a Florida Corporation, Appellees.
No. BB-172.
District Court of Appeal of Florida, First District.
October 13, 1976.
A. Graham Allen, Freeman, Richardson, Watson, Slade, McCarthy & Kelly, Jacksonville, for appellants.
James E. Cobb, Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
McCORD, Judge.
Appellants' complaint was dismissed with prejudice. It attempted to state a cause of action for intentional infliction of emotional distress. The gravamen of the allegations was that appellees dismissed appellants from their employment on a false accusation that appellants had sexual relations with one another in the ladies' lounge of appellees' building; that the accusations were made without benefit of a reasonable investigation which would have revealed that no such act had taken place; that as a result, appellants were caused to suffer severe emotional distress. It is undisputed that appellees had the legal right to terminate appellants' employment at will.
Prosser, Law of Torts (3d Edition, 1964), § 11, page 48, states the general law as to suits of this nature as follows:
"So far as it is possible to generalize from the cases, the rule ... is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind."
The Florida Supreme Court allowed such a suit in Kirksey v. Jernigan, 45 So.2d 188 (1950), where a funeral home without authorization allegedly took the dead body of plaintiff's child without being authorized, refused to turn it over to plaintiff, embalmed it, and then finally released it on payment of an allegedly excessive fee. There the Supreme Court said:
"This court is committed to the rule, and we re-affirm it herein, that there can be no recovery for mental pain and anguish unconnected with physical injury in an action arising out of the negligent breach of a contract whereby simple negligence *89 is involved. Dunahoo v. Bess, 146 Fla. 182, 200 So. 541, following International Ocean Telegraph Company v. Saunders, 32 Fla. 434, 14 So. 148, 21 L.R.A. 810. But we do not feel constrained to extend this rule to cases founded purely in tort, where the wrongful act is such as to reasonably imply malice, or where, from the entire want of care of attention to duty, or great indifference to the persons, property, or rights of others, such malice will be imputed as would justify the assessments of exemplary or punitive damages. See 15 Am.Jur., Damages, Sec. 179, page 596; Restatement of Torts, Section 47(b). The right to recover, in such cases, is especially appropriate to tortious interference with rights involving dead human bodies, where mental anguish to the surviving relatives is not only the natural and probable consequence of the character of wrong committed, but indeed is frequently the only injurious consequence to follow from it."
In Fletcher v. Florida Publishing Company, 319 So.2d 100 (Fla. 1 DCA 1975), presently pending on petition for certiorari in the Florida Supreme Court, this court stated the following with regard to the tort of intentional infliction of emotional distress.
"... To sustain such an action the complaint must allege conduct exceeding all bounds that could be reasonably tolerated by society of a nature especially calculated to cause severe emotional distress to a person of ordinary sensibilities and the wrongful act alleged must be such as to reasonably imply malice or be such that, from the entire want of care or attention to duty or great indifference to the person, property or rights of others, such malice may be imputed as would justify assessment of exemplary or punitive damages. The wrongful act giving rise to the cause of action must also have been done intentionally or in reckless disregard of the rights of others."
When we compare the allegations of appellants in the case sub judice with the foregoing statements of the law, such allegations are found wanting. Appellant's allegations as to appellee's act or acts lack the outrageous character upon which to predicate a suit for intentional infliction of emotional distress.
Appellants contend that the trial court erred in dismissing their complaint with prejudice rather than to allow amendment but there is nothing of record to indicate that they could successfully amend the complaint to state a cause of action if leave to amend was granted.
AFFIRMED.
RAWLS, Acting C.J., and SMITH, J., concur.