379 So.2d 451 (1980)
Donesta S. LAY and Larry R. Lay, Appellants,
v.
ROUX LABORATORIES, INC., a New York Corporation, Appellee.
Donesta S. LAY and Larry R. Lay, Appellants,
v.
George KREMER, Jr., Appellee.
Nos. OO-208, OO-474.
District Court of Appeal of Florida, First District.
February 6, 1980.
*452 Gail A. Gottardo of Searcy, Smith, Facciolo & Kirby, P.A., and Joseph Morrell, Jacksonville, for appellants.
Bruce S. Bullock of Bullock, Sharp & Childs, P.A., and Martin J. Mickler, Jacksonville, for appellee Roux Laboratories, Inc.
Charles Cook Howell, III, of Howell, Howell, Liles, Braddock & Milton, Jacksonville, for appellee George Kremer.
PER CURIAM.
The Lays appeal an order of the trial judge dismissing Roux Laboratories, Inc. as defendant and dismissing Count I of their three count complaint. We hold Count I was properly dismissed with prejudice because it failed to state a cause of action for the independent tort of intentional infliction of emotional distress in accordance with this Court's opinion in Ford Motor Credit Company v. Sheehan, 373 So.2d 956 (Fla. 1st DCA 1979), wherein we stressed that the conduct alleged must be "`so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" 373 So.2d at 959. Here, the alleged conduct of Kremer was that he "began to threaten her [Donesta Lay] with the loss of her job, then said defendant began using humiliating language, vicious verbal attacks, racial epithets and called plaintiff a `nigger'" when an argument arose concerning a parking space. Although the alleged conduct is extremely reprehensible, we do not think that the alleged conduct reaches the level of outrageousness and atrociousness as that illustrated by Ford Motor Credit Company which involved a call by the credit company to plaintiff's home, relaying information that his children had been in a serious accident and that the caller was attempting to reach Sheehan. Seven hours passed before he discovered the report was false. Unfortunately, in our society, vulgarities and abusive language are commonplace when tempers flare and in this instance, the allegations are insufficient to serve as a predicate for the independent tort of intentional infliction of emotional distress. See also Dowling v. Blue Cross of *453 Florida, Inc., 338 So.2d 88 (Fla. 1st DCA 1976).
However, the remaining counts state a cause of action against Roux Laboratories, Inc., the employer of the alleged tortfeasor, Kremer. The oft-quoted rule is:
As a general rule under the principles of the common law an employer is liable in damages for the wrongful act of his employee that causes injury to another person, if the wrongful act is done while the employee is acting within the apparent scope of his authority as such employee to serve the interests of the employer, even though the wrongful act also constitutes a crime not a homicide or was not authorized by, or was forbidden by, the employer, or was not necessary or appropriate to serve the interests of the employer, unless the wrongful act of the employee was done to accomplish his own purposes, and not to serve the interests of the employer.
Stinson v. Prevatt, 84 Fla. 416, 94 So. 656 at 657 (1922); Jacobi v. Claude Nolan, Inc., 122 So.2d 783 at 788-789 (Fla. 1st DCA 1960). However, an employee is not acting in the scope of employment if it can be found that the employee had "stepped away" from employer's business at the time of the infliction of the tort and that the motive was unrelated to the employee's duties, but rather was in the furtherance of the employee's interests; then, the master cannot be held liable for the servant's act. Martin v. United Securities Services, Inc., 373 So.2d 720 (Fla. 1st DCA 1979). Generally, it is recognized that the question of whether one was in the scope of employment is normally a jury question. E.g., Gold Coast Parking, Inc. v. Brownlow, 362 So.2d 288, 291-292 (Fla. 3d DCA 1978), cert. dismissed, 368 So.2d 1367 (Fla. 1979). Here, there is presented to the jury the question of whether Kremer was acting out of his personal interests when he committed the tort alleged in Count II in an attempt to secure the parking space for himself, or whether the anger and the resulting tort was attributable to overzealousness in the protection of what he envisioned to be his employer's interests because the parking spaces were assigned to Roux Laboratories. It was the alleged responsibility of Kremer to administer and police the parking spaces for the employees of Roux Laboratories, Inc.
We find Columbia By The Sea, Inc. v. Petty, 157 So.2d 190, 194 (Fla. 2d DCA 1963) to be analogous. There, the plaintiff and the maitre d of a restaurant had a dispute over an extra charge for salad dressing. The plaintiff and the maitre d, Menendez, became angry over the bill, and Menendez asked plaintiff to step outside. The plaintiff made a sweeping motion toward the maitre d and then Menendez struck the plaintiff on the back of the head with an ashtray. The court, in affirming the liability of the restaurant, noted that such an issue involving scope of employment is often a jury question, recognizing:
Although there is a cogent and persuasive argument that Menendez acted for personal reasons entirely divorced from his duties and responsibilities as maitre 'd, (sic) it is not impossible to attribute the anger, assault and battery to overzealousness in the protection of what he envisioned as his employer's interests.
Accordingly, we think the issue of Roux Laboratories, Inc.'s liability is one which should be presented to the jury.
As to the sufficiency of the allegations concerning the employer's liability, we find that the complaint, considered as a whole, states sufficient facts from which it can be inferred that the acts were performed in the scope and course of Kremer's employment. Nettles v. Thornton, 198 So.2d 44 (Fla. 1st DCA 1967) is distinguishable because in that case there were no factual allegations showing any connection between the barmaid's duty to clean off the table and the resulting tort.
Affirmed in part and reversed in part for further proceedings not inconsistent with this opinion.
MILLS, C.J., and McCORD and BOOTH, JJ., concur.