**GMUER v. GARNER et al.**
No. 81-7163
Circuit Court, Hillsborough County
October 27, 1981

Steven Northcutt, for plaintiff.

John Breckinridge, Marvin E. Barkin, W. Reynolds Allen, for defendants.

MORISON BUCK, Circuit Judge.

Each and every count of plaintiff's Third Amended Complaint is founded upon allegations of sexually seductive invitations to plaintiff from defendant Garner. These so-called "propositions" occurred, plaintiff says, while: She was employed by Hillsborough Community College and Garner was President and at a time when the Trustees of the College should have known of Dr. Garner's alleged propensities for lusting after those of the opposite sex in positions as plaintiff, to paraphrase the gravamen of plaintiff's causes of action. None of the allegations against the principal tort reasor involve a "touching" or any form of battery. They are limited to the use of offensively suggestive and opprobrious words directed, it is alleged, to plaintiff by her superior on the job. Plaintiff's declination of the proposition or propositions is alleged to have resulted in the loss of her job. This Court is asked by plaintiff to find that plaintiff's cause of action should be sustained principally on the thesis that the defendant Garner's actions, if true, support a claim for intentional infliction of emotional distress.

After reviewing memoranda of counsel and making some independent survey of the law applicable to the well pleaded facts, this Court is persuaded that the tort upon which the Third Amended Complaint is constructed is not recognized in Florida.

The tort of intentional infliction of emotional distress had its genesis in the Restatement of Torts, 2d, Sec. 46. It has been applied in Florida but the District Courts confronted with the question appear to be divided. In *Ford Motor Credit Co. v. Sheehan,* 373 So.2d 956, the First District Court found that a debtor was warranted in suing his creditor for making a deliberately false report that the debtor's children had been in a serious automobile accident. On those facts, it was held that an independent tort for outrageous conduct of such a flagrant and indecent character could be maintained by the party in position of the debtor claiming severe emotional distress. The question was subsequently certified to the Supreme Court.

On the other hand, the Third District Court had seemingly rejected the doctrine in *Gellert v. Eastern Airlines,* 370 So.2d 802. In *Gellert,* the

Third District Court adhered to doctrinal law going back to *Kirksey v. Jernigan,* 45 So.2d 188 (Fla.1950) that intentional infliction of emotional distress is not actionable "when not incident to or connected with an independent tort."

In this case, there was no independent tort. There were words having a commonly understood meaning which were insulting to the plaintiff, and her refusal to respond to the invitations in a positive way are alleged to have brought about the non-renewal of her contract of employment.

Of course, this Court has already dismissed the count for wrongful termination of employment. That event, therefore, cannot be the basis for an independent tort. *Daniel v. Magma Copper,* 620 P.2d 699, 127 Ariz. 320 (1980); *Novosel v. Sears Roebuck,* 495 F.Supp. 344 (1980); *M.B.M. Co. v. Counce,* 596 S.W.2d 681.

Mere words (or threats) alone do not constitute an assault, even though they may put another in apprehension of immediate injury or offensive contact. 3 Fla. Jur. Assault & Battery, Sec. 5; *Gelhaus v. Eastern Airlines,* 194 F.2d 774.

The reasoning of the Gellert court and the earlier cases undergirding it impress this Court as expressive of the soundest and best rule. The Sheehan case does not really present a conflict on a close reading. Sheehan's cause of action was sustained on a pure application of Section 46 of the Restatement. There, the allegations of the creditor's misconduct were so patently outrageous and repugnant as to support a cause of action on essentially the same criteria applied in Gellert.

Other jurisdictions have rejected claims predicated upon intentional emotional distress where the facts relied upon fall short of "extreme outrage". *Perati v. Atkinson,* 28 Cal. Reptr. 898 (where more in the way of outrage was required to be shown in the absence of physical harm); *Beidler v. W.R. Grace,* 461 F.Supp. 1013 (involving the claim of an aggrieved employee claiming his employment was terminated and he was wrongfully harassed, resulting in mental and emotional distress). In the latter case, the Court stated on page 1016 of the opinion:

"Thus plaintiff has not stated a cause of action for intentional infliction of mental or emotional distress. Nor has plaintiff stated a claim for negligent infliction of mental or emotional distress. For such a cause of action to lie, there must be, if not contemporaneous physical impact, at least personal danger of physical impact from the negligent force and fear of physical impact. . . . Obviously, whatever concerns plaintiff had as regards his employment, he never feared physical impact, and if he did, there is no indication whatsoever that

he was in danger of such impact. Thus, he has not stated a claim for infliction or mental or emotional distress.''

The Supreme Court of Tennessee in *Swallows v. Western Electric,* 543 S.W.2d 581, denied relief for outrageous conduct and invasion of privacy where the employer had investigated plaintiff on suspicion of having mailed certain threatening material to his superiors in the company. On page 582, the Court made the following observation:

> ''Liability for the tort of outrageous conduct exists only where (1) the conduct of the defendants has been so outrageous in character, and so extreme in degree, as to be beyond the pale of decency, and to be regarded as atrocious and utterly intolerable in a civilized society, and (2) the conduct results in serious mental injury.'' Medlin v. Allied Investment Co., 217 Tenn. 469, 398 S.W.2d 270. ''The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities.''

This Court has the burden of determining, in the first instance, whether defendant Garner's behavior would, if true, be reasonably regarded as so extreme and outrageous as to permit recovery even under the more liberal test approved by the Sheehan court. It is the view of this Court, however, that whether one selects the criteria of *Sheehan* or of *Gellert,* the results are the same.

The obnoxious and socially odious words and suggestions allegedly coming from defendant Garner, if true, were nevertheless without physical contact or threat of bodily harm to plaintiff. The declination to extend her employment contract has no legal significance as none of the defendants were legally obligated to do so. That event and the other consequences complained of are found to be insufficient as a matter of law to state grounds for relief under existing law. The remaining counts of the Third Amended Complaint also fall in view of this Court's ruling that the underpinnings of the case are vulnerable to the motions to dismiss.

Plaintiff may not be without remedy. At the Federal level, there are a spate of recent cases sustaining claims against employers on pleading and proof of sexual discrimination, including demeaning sexual propositions to female employees from superiors on the job, e.g. *Barnes v. Costle,* 561 F.2d 983; *Bundy v. Jackson,* 641 F.2d 934. The cases just cited involve federal employees, but other provisions of the Civil Rights Act are believed to extend the same requirements to private, non-federal employers as well.

As plaintiff appears to have reached the limit of her capacity to plead, it would be pointless to allow further amendment. It is thereupon

ADJUGED AND ORDERED that the motions of defendants to dismiss the Third Amended Complaint are granted, and the Third Amended Complaint is hereby dismissed with prejudice.