**Juliette FORDE, Plaintiff,**

v.

**ROYAL'S, INC., etc., et al., Defendants.**

**No. 80–8415–CIV–JAG.**

United States District Court, S. D. Florida, N. D.

April 30, 1982.

---

1174

Donald E. Mason, Florida Rural Services, Inc., Belle Glade, Fla., for plaintiff.

Peter W. Zinober, Carlton, Fields, Ward, Emmanuel Smith & Cutler, P.A., Tampa, Fla., for defendants.

## MEMORANDUM OPINION

GONZALEZ, District Judge.

THIS CAUSE came on for consideration upon defendants' motions to dismiss the Complaint. On November 30, 1981, this Court granted the motions. This Memorandum Opinion will set forth the reasoning of the Court in dismissing plaintiff's Complaint.

This is a case arising out of alleged on-the-job sexual harassment of plaintiff, a female, by her male supervisor. Plaintiff alleges in the Complaint that she is a former employee of Royal's, Inc., and worked for that corporation in one of its department stores from November, 1976, until September 10, 1979. Plaintiff claims that throughout the course of her employment she was subjected to unsolicited sexual invitations from her male supervisor, defendant Jones, the store manager. Plaintiff asserts that she rejected all of these invitations, and that Jones finally discharged her because she refused to submit to his sexual advances.

There are three Counts in the Complaint, each of which sets forth a separate claim against both defendants. Count I is grounded on Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* (1976) and asserts that defendants discriminated against plaintiff on the basis of her sex, in violation of Section 703(a) of the Act, 42 U.S.C. § 2000e–2(a), by sexually harassing her, and by discharging her because of her refusal to comply with the alleged sexual advances by Jones. Plaintiff also claims in Count I that defendants violated her rights under Section 704(a) of Title VII, 42 U.S.C. § 2000e–3(a), which prohibits retaliation against any employee because he or she has opposed or protested allegedly discriminatory practices. Plaintiff here is apparently contending that both her discharge and the alleged sexual harassment violated this provision of federal law.

Count II of the Complaint is a pendent claim. The gist of this cause of action is that the defendants breached plaintiff's contract of employment by discharging her.

Count III of the Complaint is also a pendent claim. There plaintiff alleges that the defendants, through the alleged acts of sexual harassment, and the discharge, intentionally inflicted mental distress upon plaintiff.

The Court concludes that Counts II and III of the Complaint fail to state a claim upon which relief can be granted and should be dismissed with prejudice. Count I is likewise defective, but since plaintiff might conceivably be able to allege facts which could state a claim under Title VII, it is dismissed with leave to amend.

### I. The Breach of Contract Claim

██ It is well settled under Florida law that employment agreements are terminable at the will of either the employer or the employee unless the agreement contains a definite term of employment. *Savannah, Florida & Western Railway Co. v. Willett*, 43 Fla. 311, 31 So. 246, 247 (1901). Plaintiff here does not allege that she was employed by Royal's pursuant to a contract with a definite term, and indeed, it would be most unusual for a sales clerk to have such a contract. Thus plaintiff's employment was terminable at will, and neither Royal's nor Jones breached her employment contract when she was discharged. *Harrison v. Jack Eckerd Corp.*, 342 F.Supp. 348 (M.D.Fla.), *aff'd*, 468 F.2d 951 (5th Cir. 1972); *Wynne v. Ludman Corp.*, 79 So.2d 690 (Fla.1955); *Sher v. Shower Door Co.*, 197 So.2d 333 (Fla. 3rd DCA 1967). Accordingly, Count II of the Complaint is dismissed with prejudice.

### II. The Intentional Infliction Claim

Plaintiff's claim for intentional infliction of mental distress must be dismissed since the allegations of intentional infliction of mental distress do not state a claim upon which relief can be granted under the "impact rule" followed by Florida courts.

██ Florida follows the "impact rule" with regard to claims for damages based on mental anguish. Under this rule, a plaintiff cannot recover damages for mental anguish and suffering absent physical injury or some other type of tortious conduct. *Kirksey v. Jernigan*, 45 So.2d 188 (Fla.1950). Thus a claim for damages based on infliction of mental distress cannot be based on a mere breach of contract, *Gellert v. Eastern Air Lines, Inc.*, 370 So.2d 802 (Fla. 3rd DCA 1979), *cert. denied*, 381 So.2d 766 (1980), or even on insulting conduct, *Slocum v. Food Fair Stores of Florida, Inc.*, 100 So.2d 396 (Fla.1958).

██ The Complaint does not allege any conduct by defendants which would support a pendent common law claim other than insulting behavior, such as the unsolicited sexual invitations by Jones, and the wrongful termination of plaintiff's employment contract. This type of conduct, even if it is intentional in nature, simply will not support an independent cause of action to recover compensatory and punitive damages based on consequential mental anguish suffered by plaintiff. Count III of the Complaint fails to state a claim upon which relief can be granted under Florida law.

There are a few Florida cases which do recognize an independent cause of action for intentional infliction of severe mental distress based on flagrant and outrageous conduct that is so atrocious it cannot be tolerated in a civilized society. *Ford Motor Credit Co. v. Sheehan*, 373 So.2d 956 (Fla. 1st DCA), *cert. denied*, 379 So.2d 204 (1979); *see also Food Fair, Inc. v. Anderson*, 382 So.2d 150, 153 (Fla. 5th DCA 1980). However, this Court finds as a matter of law that the Complaint does not allege the type of outrageous conduct necessary to support such a theory of recovery. *Food Fair, Inc. v. Anderson, supra; Lay v. Roux Laboratories, Inc.*, 379 So.2d 451 (Fla. 1st DCA 1980); *Gellert v. Eastern Air Lines, Inc.*, 370 So.2d at 808; *Dowling v. Blue Cross of Florida, Inc.*, 338 So.2d 88 (Fla. 1st DCA 1976).

The Complaint does not state a claim for intentional infliction of mental distress. Count III is accordingly dismissed with prejudice for that reason.

### III. The Title VII Claim

■ One of the necessary conditions precedent for a Title VII lawsuit is that the plaintiff must first file a charge of discrimination with the EEOC. This gives the EEOC at least an opportunity to investigate and conciliate the plaintiff's claim prior to the filing of a lawsuit under the statute. *Stebbins v. Nationwide Mutual Insurance Co.*, 382 F.2d 267 (4th Cir. 1967), *cert. denied*, 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880 (1968).

Furthermore, the charge of discrimination must be timely filed with the EEOC. Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e) (1976), expressly provides that "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." Under Section 706(e), as a general rule, a Title VII lawsuit should be dismissed where the plaintiff has failed to file a charge with the EEOC within 180 days of the last date of alleged discrimination. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *Johnson v. General Tire and Rubber Co.*, 652 F.2d 574, 577 (5th Cir. 1981); *McArthur v. Southern Airways, Inc.*, 569 F.2d 276 (5th Cir. 1978) (en banc).

The 180-day filing requirement is in the nature of a statute of limitations. *Oaxaca v. Roscoe*, 641 F.2d 386 (5th Cir. 1981). Thus a motion to dismiss based on a plaintiff's failure to comply with the 180-day filing requirement should only be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 391.

Plaintiff alleges in the Complaint that she was discharged on September 10, 1979, and that she filed her EEOC charge on April 3, 1980. Her EEOC charge was filed, according to her own calculations, 206 days after her discharge. Defendants move to dismiss plaintiff's Title VII claim because she did not file a timely charge of discrimination with the EEOC.

In response to defendants' contention that Count I should be dismissed because plaintiff failed to file her EEOC charge within 180 days of her discharge, the last possible date of discrimination, plaintiff raises a tolling argument. In essence, she asserts that she did not become aware of the facts supporting her Title VII claim until well after her discharge, and that her charge was filed within 180 days of this point in time.

■ The Fifth Circuit has recognized that the 180-day limitations period is subject to tolling until the plaintiff actually knew or should have known the facts giving rise to the Title VII claim. *Chappell v. EMCO Machine Works Co.*, 601 F.2d 1295 (5th Cir. 1979); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975). However, if a plaintiff wishes to withstand a motion to dismiss on the basis of a tolling argument, he or she must advise the Court, either through the complaint or an affidavit, of the facts which would justify application of the tolling doctrine to a complaint time-barred on its face. *Quina v. Owens-Corning Fiberglass Corp.*, 575 F.2d

1115, 1119 (5th Cir. 1978). The plaintiff has not done this here, except through a memorandum prepared by counsel which only raises the tolling argument in very sketchy terms.

It is the Court's opinion, under the circumstances, that plaintiff's Title VII claim should be dismissed with leave to amend. If plaintiff files an amended complaint, she should allege facts supporting her assertion that the 180-day limitations period should not begin to run from the date of her discharge from employment.

### IV. Conclusion

It is ORDERED AND ADJUDGED that defendants' motions to dismiss be and the same are hereby GRANTED. Counts II and III of the Complaint are hereby DISMISSED and Count I is hereby DISMISSED WITH LEAVE TO AMEND.