426 So.2d 972 (1982)
Rosanne GMUER, Appellant,
v.
Ambrose GARNER, Individually and As President of Hillsborough Community College; the District Board of Trustees of Hillsborough Community College, Florida, a Corporate Body Public; Colleen L. Bevis, As Chairperson of the Board of Trustees; Ron Cacciatore, E.L. Bing, Julia B. Williams, B. Lee Elam, Hillman Bowden, and Jerry Harvey, As Trustees, Appellees.
No. 81-2348.
District Court of Appeal of Florida, Second District.
October 15, 1982.
Rehearing Denied February 21, 1983.
Stevan T. Northcutt of Levine, Freedman, Hirsch & Levinson, Tampa, for appellant.
Richard Candelora and Marvin E. Barkin, of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, and W. Reynolds Allen of Hogg, Allen, Ryce, Norton & Blue, Tampa, for appellee Ambrose Garner.
John M. Breckenridge, Jr. and Marian P. McCulloch, of Greene, Mann, Rowe, Stanton, Mastry & Burton, Tampa, for appellee Board of Trustees of Hillsborough Community College.
PER CURIAM.
We affirm the trial court's order dismissing appellant Rosanne Gmuer's third amended complaint against appellees Ambrose Garner and Hillsborough Community College with prejudice. The trial court has ably set forth its findings and followed the applicable case law in support thereof, and we adopt its order as our opinion. The *973 pertinent portions of that order read as follows:
Each and every count of plaintiff's Third Amended Complaint is founded upon allegations of sexually seductive invitations to plaintiff from defendant Garner. These so-called "propositions" occurred, plaintiff says, while: She was employed by Hillsborough Community College and Garner was President and at a time when the Trustees of the College should have known of Dr. Garner's alleged propensities for lusting after those of the opposite sex in positions as plaintiff, to paraphrase the gravamen of plaintiff's causes of action. None of the allegations against the principal tort reasor [sic] involve a "touching" or any form of battery. They are limited to the use of offensively suggestive and opprobrious words directed, it is alleged, to plaintiff by her superior on the job. Plaintiff's declination of the proposition or propositions is alleged to have resulted in the loss of her job. This Court is asked by plaintiff to find that plaintiff's cause of action should be sustained principally on the thesis that the defendant Garner's actions, if true, support a claim for intentional infliction of emotional distress.
... [T]his Court is persuaded that the tort upon which the Third Amended Complaint is constructed is not recognized in Florida.
The tort of intentional infliction of emotional distress had its genesis in the Restatement of Torts, 2d, Sec. 46. It has been applied in Florida but the District Courts confronted with the question appear to be divided. In Ford Motor Credit Co. v. Sheehan [Fla.App.], 373 So.2d 956, the First District Court found that a debtor was warranted in suing his creditor for making a deliberately false report that the debtor's children had been in a serious automobile accident. On those facts, it was held that an independent tort for outrageous conduct of such a flagrant and indecent character could be maintained by the party in position of the debtor claiming severe emotional distress. The question was subsequently certified to the Supreme Court.
On the other hand, the Third District Court has seemingly rejected the doctrine in Gellert v. Eastern Airlines [Fla.App.], 370 So.2d 802. In Gellert, the Third District Court adhered to doctrinal law going back to Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950) that intentional infliction of emotional distress is not actionable "when not incident to or connected with an independent tort."
In this case, there was no independent tort. There were words having a commonly understood meaning which were insulting to the plaintiff, and her refusal to respond to the invitations in a positive way are alleged to have brought about the non-renewal [sic] of her contract of employment.
Of course, this Court has already dismissed the count for wrongful termination of employment. That event, therefore, cannot be the basis for an independent tort. Daniel v. Magma Copper, 620 P.2d 699, 127 Ariz. 320 (1980); Novosel v. Sears Roebuck, 495 F. Supp. 344 (1980); M.B.M. Co. v. Counce [268 Ark. 269] 596 S.W.2d 681.
Mere words (or threats) alone do not constitute an assault, even though they may put another in apprehension of immediate injury or offensive contract [sic]. 3 Fla.Jur. Assault & Battery, Sec. 5; Gelhaus v. Eastern Airlines [5th Cir.], 194 F.2d 774.
The reasoning of the Gellert court and the earlier cases undergirding it impress this Court as expressive of the soundest and best rule. The Sheehan case does not really present a conflict on a close reading. Sheehan's cause of action was sustained on a pure application of Section 46 of the Restatement. There, the allegations of the creditor's misconduct were so patently outrageous and repugnant as to support a cause of action on essentially the same criteria applied in Gellert.

... .
This Court has the burden of determining, in the first instance, whether defendant Garner's behavior would, if true, be *974 reasonably regarded as so extreme and outrageous as to permit recovery even under the more liberal test approved by the Sheehan court. It is the view of this Court, however, that whether one selects the criteria of Sheehan or of Gellert, the results are the same.
The obnoxious and socially odious words and suggestions allegedly coming from defendant Garner, if true, were nevertheless without physical contact or threat of bodily harm to plaintiff. The declination to extend her employment contract has no legal significance as none of the defendants were legally obligated to do so. That event and the other consequences complained of are found to be insufficient as a matter of law to state grounds for relief under existing law. The remaining counts of the Third Amended Complaint also fall in view of this Court's ruling that the underpinnings of the case are vulnerable to the motion to dismiss.
Plaintiff may not be without remedy. At the Federal level, there are a spate of recent cases sustaining claims against employers on pleading and proof of sexual discrimination, including demeaning sexual propositions to female employees from superiors on the job, e.g. Barnes v. Costle [D.C. Cir.], 561 F.2d 983; Bundy v. Jackson [D.C. Cir.], 641 F.2d 934. The cases just cited involve federal employees, but other provisions of the Civil Rights Act are believed to extend the same requirements to private, non-federal [sic] employers as well.
In addition, we would specifically point out that since, as the trial court correctly explained, appellant has not stated a cause of action against Garner, see also Forde v. Royal's, Inc., 537 F. Supp. 1173 (S.D.Fla. 1982) (holding that sexual harassment does not constitute intentional infliction of emotional distress under Florida law), she has ipso facto not alleged a cause of action against Hillsborough Community College. In order to impose liability on an employer for negligent hiring or retention of an employee, the plaintiff must first establish liability on the part of the employee by virtue of the employee's wrongful act against the plaintiff. Texas Skaggs, Inc. v. Joannides, 372 So.2d 985 (Fla. 2d DCA 1979), cert. denied, 381 So.2d 767 (Fla. 1980).
Accordingly, the trial court's order dismissing appellant's third amended complaint with prejudice is AFFIRMED.
BOARDMAN, A.C.J., and RYDER and DANAHY, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Upon reflection, we have come to the conclusion that this case presents questions which this court should certify to the Supreme Court of Florida as questions of great public importance.
The trial judge in this case made two determinations, which we have approved. First, the trial judge found that Florida does not recognize the tort of intentional infliction of emotional distress as defined in Restatement (2nd) of Torts, section 46 (1965). In so ruling, the trial judge found no conflict between the decisions in Gellert v. Eastern Airlines, 370 So.2d 802 (Fla. 3d DCA 1979), and Ford Motor Credit Co. v. Sheehan, 373 So.2d 956 (Fla. 1st DCA 1979). In Gellert, the court held that there can be no recovery in Florida for the intentional infliction of severe mental distress when not incident to or predicated upon a separate actionable tortious wrong. The court in Sheehan seemed to hold to the contrary. The Sheehan court certified the question to the supreme court as a question of great public interest, but the question went unanswered because the supreme court dismissed certiorari review in that case. Ford Motor Credit Co. v. Sheehan, 379 So.2d 204 (Fla. 1979). We note the Fifth District Court of Appeal has indicated that it agrees with the decision in Sheehan. Food Fair, Inc. v. Anderson, 382 So.2d 150 (Fla. 5th DCA 1980).
It appears that the majority of jurisdictions recognize the principle that there can be recovery for intentionally inflicted severe *975 emotional distress in some circumstances. Givelber, The Right to Minimum Social Decency and the Limits of Evenhandedness: Intentional Infliction of Emotional Distress by Outrageous Conduct, 82 Colum.L.Rev. 42, 43 (1982). The author of that article cites Ford Motor Credit Co. v. Sheehan and Gellert v. Eastern Airlines as conflicting decisions, placing Florida in the category of jurisdictions which are split on the question whether section 46 of the Restatement should be adopted. Id. at 44 n. 9. Decisions of the federal courts reflect uncertainty as to whether Florida has recognized such a tort. E.g., Mundy v. Southern Bell Telephone & Telegraph Co., 676 F.2d 503 (11th Cir.1982); Forde v. Royal's, Inc., 537 F. Supp. 1173 (S.D.Fla. 1982). We believe we should ask our supreme court to resolve the question.
But the trial judge went further and made a determination that appellee Garner's behavior as alleged in appellant's complaint, if true, could not reasonably be regarded as so extreme and outrageous as to permit recovery under the "liberal" test approved by the court in the Sheehan case  despite the fact that the trial judge categorized appellee Garner's words and behavior as offensively suggestive and opprobrious, having a commonly understood meaning which was insulting to appellant, and as obnoxious and socially odious. We believe that, if Florida is to recognize the so-called tort of outrage, our supreme court should clarify the role of the trial judge in making a determination on the pleadings whether conduct is so egregious as to be actionable.
Accordingly, we grant appellant's motion for rehearing and clarification to the extent of certifying the following questions to the Supreme Court of Florida as questions having great public importance:
1. MAY ONE RECOVER DAMAGES FOR INTENTIONAL INFLICTION OF SEVERE MENTAL DISTRESS WHICH IS NOT INCIDENTAL TO OR CONSEQUENT UPON ANY SEPARATE TORT OR OTHER ACTIONABLE WRONG?
2. IF SUCH DAMAGES ARE RECOVERABLE, IS IT APPROPRIATE FOR A TRIAL JUDGE TO DETERMINE ON THE PLEADINGS WHETHER THE CONDUCT ALLEGED IS OUTRAGEOUS AND THUS ACTIONABLE, OR IS THIS A QUESTION WHICH MUST BE DETERMINED BY THE FACT FINDER?
The Motion for Rehearing is otherwise DENIED.
BOARDMAN, A.C.J., and RYDER and DANAHY, JJ., concur.