468 So.2d 1009 (1985)
Brenda PONTON, Appellant,
v.
Lee SCARFONE, D/B/a Architect Lee Scarfone Associates, Appellee.
No. 84-1259.
District Court of Appeal of Florida, Second District.
March 29, 1985.
Rehearing Denied May 13, 1985.
*1010 Stevan T. Northcutt of Levine, Freedman, Hirsch & Levinson, P.A., Tampa, for appellant.
George W. Phillips, Tampa, for appellee.
FRANK, Judge.
The appellant, Brenda Ponton, appeals from an order dismissing her complaint with prejudice. Ponton, a former employee of Scarfone, contends that her complaint alleged cognizable causes of action based upon wrongful termination from employment, the invasion of her privacy, and the intentional infliction of emotional distress.
Muller v. Stromberg-Carlson Corporation, 427 So.2d 266 (Fla. 2d DCA 1983), lays to rest in this district the notion that the common law doctrine of "employment at will" is susceptible of judicial modification. Notwithstanding the special concurrences by Justices Overton and Adkins in Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983), a majority of the supreme court does not appear inclined to overturn the common law concept. We decline the invitation to depart from Muller.
The appellant's claims associated with the "invasion of privacy" and "intentional infliction of emotional distress" we find meritless.
The appellant contends that Scarfone's utterances, designed to induce her to join with him in a sexual liaison, constituted a tortious incursion upon her privacy. The appellant over extends the value of the decisions relied upon in fashioning such contention, i.e., Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); Pasco v. Heggen, 314 So.2d 1 (Fla. 1975); Franklin v. State, 257 So.2d 21 (Fla. 1971); Battaglia v. Adams, 164 So.2d 195 (Fla. 1964); Cason v. Baskin, 155 Fla. 198, 20 So.2d 243 (1944); Springer v. Greer, 341 So.2d 212 (Fla. 4th DCA 1976); Jones v. Smith, 278 So.2d 339 (Fla. 4th DCA 1973); Conyers v. Glenn, 243 So.2d 204 (Fla. 2d DCA 1971); Tucker v. American Employers' Insurance Company, 171 So.2d 437 (Fla. 2d DCA 1965). The foregoing authorities fall short of the mark in convincing us that the words attributed to Scarfone come within that zone of conduct permitting a determination that Ponton's right of privacy was unlawfully invaded.
During the pendency of this matter before us, our supreme court published its decision in Metropolitan Life Insurance Company v. McCarson, 467 So.2d 277 (Fla. 1985). Contrary to the view expressed by this court in Gmuer v. Garner, 426 So.2d 972 (Fla. 2d DCA 1982), Florida *1011 "recognizes the tort of intentional infliction of emotional distress." At 278. Determining the boundaries of that conduct which give meaning to the tort, however, is not without some difficulty. The threshold test to be followed in assessing behavior claimed to constitute the "intentional infliction of emotional distress" is whether such behavior is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." In applying that standard, it is manifest that the subjective response of the person who is the target of the actor's conduct is not to control the question of whether the tort occurred. Rather, an evaluation of the claimed misconduct must be undertaken to determine, as objectively as is possible, whether it is "atrocious, and utterly intolerable in a civilized community." Id. That burden falls to the judiciary  it is a matter of law, not a question of fact. Id. The deportment described in the pleaded facts with which we are concerned, condemnable by civilized social standards, does not ascend, or perhaps descend, to a level permitting us to say that the benchmarks enunciated in Metropolitan have been met.
Finally, we find wholly unpersuasive the appellant's view that we can extract a "public policy" from Chapter 760, Florida Statutes (1983), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., to serve as a basis for a common law cause of action where a female's rejection of sexual advances is the motivation underlying her termination from employment.
Affirmed.
OTT, A.C.J., and LEHAN, J., concur.