## VILLARS v PANAMA MACHINERY AND SUPPLY COMPANY, INC., et al.

### Case No. 85-622

Fourteenth Judicial Circuit, Bay County

July 8, 1986

### APPEARANCES OF COUNSEL

**Bill A. Corbin** for plaintiff.

**John-Edward Alley, Alley and Alley, Chartered,** for defendants.

**C. Douglas Brown** for defendants.

## OPINION OF THE COURT

DEDEE S. COSTELLO, Circuit Judge.

### FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

This cause came on for hearing on June 2, 1986 upon Defendants' Motion to Dismiss the Amended Complaint. The Court, having heard extensive argument of respective counsel for the parties with detailed citations of law on June 2, 1986 and having considered the entire file in this matter, including the 31-page Amended Complaint, Defendants' Motion to Dismiss Amended Complaint, Plaintiff's 21-page Response to Defendants' Motion to Dismiss Amended Complaint, as well as the several pages of attachments, and Defendants' Memorandum in Support of Defendants' Motion to Dismiss Amended Complaint, as well as the Order of August 8, 1985 entered by the Honorable W. Fred Turner, Circuit Judge, dismissing each and every count of the original complaint with leave to file an amended complaint, finds as follows:

1. The essence of the Amended Complaint, as was true with the original complaint, is a challenge to the alleged wrongful termination of the Plaintiff. The Plaintiff, in a 31-page Amended Complaint, asserted several different theories challenging her termination and in each count claimed the loss of her position and her employment with Defendant Panama Machinery and Supply Company, Inc. ("PM&S"), and sought lost earnings. The Court finds that the case law is clear that under the allegations in the Amended Complaint, Plaintiff's employment with PM&S was an employment at will. Just as Plaintiff was free to leave her employment at any time, PM&S was free to terminate her employment at any time since there was no definite term of employment and no mutuality of obligation. The Court finds that the Plaintiff has failed to state a cause of action against the Defendants in any of the counts.

2. The employment-at-will rule prevails in Florida and provides that where the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for the breach of the employment contract. *DeMarco v. Publix Super Markets, Inc.*, 384 So.2d 1253 (Fla. 1980). Plaintiff has no cause of action for breach of an employment contract as her employment was indefinite as to the term of employment and not based upon terms resulting from explicit, mutual promises or upon mutual obligations and was accordingly at-will. See *Muller v. Stromberg Carlson Corp.*, 427 So.2d 266 (Fla. 2d DCA 1983).

**109**

Accordingly, Count III of Plaintiff's amended complaint for breach of contract should be dismissed with prejudice.

3. A common law cause of action for wrongful discharge does not exist in Florida. *Hartley v. Ocean Reef Club, Inc.,* 476 So.2d 1327 (Fla. 3d DCA 1985); *Ponton v. Scarfone,* 468 So.2d 1009 (Fla. 2d DCA 1985). Therefore, Plaintiff's claim in Count IV of the amended complaint for wrongful termination of employment fails to state a cause of action and should be dismissed with prejudice.

4. In addition, Plaintiff's claim for sex discrimination or sexual harassment are barred by her failure to timely file, within 180 days of the alleged wrongful action, a complaint with the Florida Commission on Human Relations. The Court finds that Chapter 760, Fla. Stat. creates a statutory cause of action for sex discrimination, including claims of alleged sexual harassment. The statute also creates certain procedural steps which must be met, such as filing a complaint with the Florida Commission on Human Relations within 180 days of the alleged unlawful action (Section 760.10(10), Fla. Stat.). A failure to timely file within the 180 days bars resort to the court to remedy any alleged wrong (Section 760.10(12), Fla. Stat.). The procedures for handling a complaint timely filed pursuant to Section 760.10(10), Fla. Stat. are detailed at 22T-9, F.A.C. Under Section 760.10(12), Fla. Stat., a civil action may be filed only if the Commission has been resorted to and it has failed to take final action or conciliate the matter within 180 days after the complaint has been filed with it. The timely filing of such a complaint is a necessary precondition to proceedings under the Florida Human Rights Act. See *Kourtis v. Eastern Airlines,* 409 So. 2d 139 (Fla. 4th DCA 1982). Cf. *Forde v. Royal's, Inc.,* 537 F. Supp. 1173 (S. D. Fla. 1982). Here, the Plaintiff chose not to file a complaint under Chapter 760, Fla. Stat., as to her October 1984 termination. The time for such a complaint to the Florida Commission on Human Relations expired over a year ago.

While Plaintiff, in her 21-page Memorandum to the Court submitted on June 2, 1986, which has been carefully considered by the Court, has cited to Chapter 760, Fla. Stat., she had previously ignored the statutory remedy for affirmative relief provided to her by the legislature, and failed to file a timely complaint pursuant to Section 760.10, Fla. Stat. and instead sought to proceed before this Court under common law theories. Her failure to file a timely complaint under Section 760.10(10), Fla. Stat., and pursue and exhaust her administrative remedies under Chapter 760, Fla. Stat., bars the relief sought here.

5. The Court further finds that Plaintiff has failed to state a cause of

**110**

action against Defendants in any of the additional counts. See Section 771.01, Fla. Stat.; *Ponton v. Scarfone, supra*; *Dowling v. Blue Cross of Florida, Inc.*, 338 So. 2d 88 (Fla. 1st DCA 1976); *Smith v. Anheuser-Busch Brewing Co.*, 346 So. 2d 125 (Fla. 4th DCA 1977). These are all essentially claims for wrongful termination. The counts seek damages and are labeled as claims for alleged battery, intentional infliction of emotional distress and defamation. The damages claimed, in each instance, include lost wages and relate back to the claim for wrongful termination of employment which does not lie.

6. The Court thus finds that the Amended Complaint improperly attempts to challenge Plaintiff's termination in an attempt to circumvent the employment-at-will rule in Florida. The Court further finds that this ten count action was previously dismissed by the Honorable W. Fred Turner on August 7, 1985 with leave to amend to state a cause of action. Since none of the counts in the Amended Complaint state a cause of action, this action should be dismissed with prejudice and judgment of dismissal should be entered in favor of the Defendants.

Therefore, it is ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss the Amended Complaint is granted as to each and every count of the Amended Complaint.

2. Plaintiff's claims in her Amended Complaint are dismissed with prejudice.

3. Judgment is entered in favor of the Defendants and Plaintiff's action is dismissed with prejudice and the Plaintiff shall take nothing by her suit and the Defendants shall go hence without day.

DONE AND ORDERED in Chambers at Chipley, Washington County, Florida, this 8th day of July, 1986.