573 So.2d 1060 (1991)
Philip J. STODDARD, Appellant,
v.
John Alfred WOHLFAHRT, Appellee.
No. 89-2193.
District Court of Appeal of Florida, Fifth District.
February 7, 1991.
*1061 Philip J. Stoddard, St. Augustine, pro se.
Olen W. Meredith of Meredith & Wilhelm, P.A., St. Augustine, for appellee.
PETERSON, Judge.
Philip J. Stoddard, pro se, appeals a "Judgment on Appeal" (JOA) of the St. Johns County Circuit Court sitting as an appellate court for the St. Johns County Court. This court treats Stoddard's appeal as a petition for writ of certiorari. We grant the writ.
The JOA appealed from had the effect of making final a previous order of December 9, 1988, which granted a motion to dismiss with prejudice count two of Stoddard's third amended complaint. The JOA also affirmed the county court's award of attorney's fees against Stoddard pursuant to section 57.105, Florida Statutes. We affirm the dismissal of count two of the third amended complaint but vacate the award of attorney's fees.
The first matter at issue in this case was Stoddard's small claims action that arose out of a fender-bender involving the parties. The matter became overshadowed by events which arose shortly after the parties had a heated telephone discussion regarding the small claims action. Within minutes after the phone conversation, Stoddard received two subsequent phone calls allegedly made by Wohlfahrt and captured on audio tape by Stoddard's telephone answering device. The recordings included the words, "You're mine," in the first call and, in the second call, an invitation to Stoddard to perform a sexual act on the caller's person.
Thereafter, Stoddard amended his original single count claim in the small claims court to include a second count for intentional infliction of emotional distress caused by Wohlfahrt's two recorded phone messages. The county court dismissed the second count following a hearing conducted on Wohlfahrt's motion to dismiss for failure to state a cause of action. The court allowed Stoddard to file a second amended claim, and this time Stoddard alleged, as a basis for damages under count two, the violation of section 365.16, Florida Statutes (1987). Section 365.16 makes it a second-degree misdemeanor to make an obscene, lewd, or lascivious comment, request, suggestion, or proposal in a telephone call to a person receiving the call who has a reasonable expectation of privacy. Wohlfahrt again sought dismissal of count two, but this time the county court on its own motion transferred the entire case to the circuit court since the "Second Amended Statement of Claim on its face contains allegations which state an enforceable claim which is beyond the jurisdiction of this court."
*1062 The circuit court then heard Wohlfahrt's motion to dismiss and dismissed count two of Stoddard's second amended complaint. The dismissal, however, was made without prejudice to amend, and the order dismissing the complaint was a three-page order with citations to numerous cases considered by the court.
Stoddard then filed a third amended complaint changing his theory of a cause of action from a statutory violation of section 365.16 to one based on an invasion of privacy. This complaint included numerous references to Florida cases calculated to support his claim, as well as a reference to section 365.16(1)(b) to characterize the harrassing and annoying calls as unlawful. Wohlfahrt's motion to dismiss was repeated and heard along with his motion for attorney's fees pursuant to section 57.105, Florida Statutes (1987), for failure to raise a justiciable issue. This time the circuit court granted the motion and dismissed with prejudice count two, for invasion of privacy, of the third amended complaint. The court remanded count one for automobile negligence back to the county court for further proceedings since the amounts in controversy no longer exceeded the jurisdiction of that court. The remand also instructed the county court to rule on "any issue as to assessment of attorney's fees in obtaining the dismissal of Count 2."
Except for numerous issues raised with respect to the award of attorney's fees, Stoddard has limited his petition for certiorari to the issue of whether his last amended complaint should have been dismissed for failure to state a cause of action on a theory of "invasion of privacy." This cause of action is recognized in Florida. Cason v. Baskin, 20 So.2d 243 (Fla. 1944). Most claims based on this tort usually arise over publication to third persons of some matter regarded as personal. See, e.g., Cason, supra. However, a cause of action can arise when no such publication takes place. Ponton v. Scarfone, 468 So.2d 1009 (Fla. 2d DCA 1985), rev. denied, 478 So.2d 54 (Fla. 1985), where an employer attempted to induce his female employee to join with him in a sexual liaison, was such a case. In Ponton, the court held that the words attributable to the defendant fell short of the zone of conduct permitting a determination that the employee's right of privacy was unlawfully invaded. The plaintiff in Ponton also based a cause of action on intentional infliction of emotional distress, and while that tort and invasion of privacy are both recognizable causes of action, they do share certain similarities in measuring unacceptable conduct upon which a claim is made.
In Ponton, the Second District Court of Appeal stated:
The threshold test to be followed in assessing behavior claimed to constitute the "intentional infliction of emotional distress" is whether such behavior is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." In applying that standard, it is manifest that the subjective response of the person who is the target of the actor's conduct is not to control the question of whether the tort occurred. Rather an evaluation of the claimed misconduct must be undertaken to determine, as objectively as is possible, whether it is "atrocious, and utterly intolerable in a civilized community." That burden falls to the judiciary  it is a matter of law, not a question of fact.
Id. at 1011. This quote was also used in Kent v. Harrison, 467 So.2d 1114, 1115 (Fla. 2d DCA 1985), in which a defendant initiated and for several months continued a campaign of telephonic harassment in the aftermath of a verbal conflict. There, the court stated:
Thus, we harbor no doubt that the telephone calls received by Kent were offensive and impaired him, his tranquility, and the peacefulness of his home. We are no less persuaded that Harrison's conduct was intentionally designed and undertaken to distress and annoy Kent. In fulfilling the responsibility assigned to us in Metropolitan [Life Insurance Company v. McCarson 467 So.2d 277 (Fla. 1985)], however, we cannot conclude that such behavior was "so outrageous in character, and so extreme in degree, as *1063 to go beyond all possible bounds of decency." 467 So.2d at 279. Moreover, Kent's state of vexation, irritation, and agitation cannot be the foundation for a finding that Harrison's behavior is within the range marked out in Metropolitan by the standard of "atrocious and utterly intolerable in a civilized community." Id.

467 So.2d at 1115.
We view the continuing contacts in Kent as much more offensive than the two rapid succession contacts allegedly made by Wohlfahrt, although there is no doubt that the two contacts were socially inexcusable. Litigants in any case are understandably emotional, and, unfortunately, our civilization has not arrived at the point where cultivation of manners and refinement in taste have been perfected. Members of some segments of society would not have paid much attention to the comments. Still others may have reacted physically in a manner that would have disallowed the caller's ability to make any comments for a while; of course, such a reaction would doubtless be a basis for legal recourse by the original instigator.
Perhaps our legal system will someday recognize and be able to absorb the many cases that would result from verbal encounters of the degree involved in the instant case. Perhaps such recognition would discourage unacceptable social behavior, but the judiciary should leave the task of recognition to the legislature.
All will admit that some intrusions into one's personal life are so indecent and outrageous and calculated to cause such excruciating mental pain to all but the most callous that it would be a reproach to the law not to allow redress. On the other hand, it is equally clear that society cannot protect the .. . thin-skinned against trivial invasions of privacy that the normal person suffers with equanimity. The mores and the law must distinguish one from the other.
2 F. Harper, F. James & O. Gray, THE LAW OF TORTS § 9.7, at 660 (1986). The circuit court in dismissing the second count of Stoddard's complaint with prejudice clearly did not depart from the essential requirements of the law. City of Deerfield Beach v. Vaillant, 399 So.2d 1045 (Fla. 4th DCA 1981), affirmed, 419 So.2d 624 (Fla. 1982).
As to the award of attorney's fees, there are two significant problems. The first is that, once count two for invasion of privacy was transferred to the circuit court, all issues associated with that count should have been determined by the circuit court. Instead, the circuit court remanded the issue of attorney's fees back to the county court which lacked jurisdiction to make the award.
Second, it was only after the third amendment to count two by Stoddard that the count was dismissed with prejudice. Leave to amend had been specifically granted by the court on two occasions, and each time Stoddard asserted a different legal theory for recovery. Court opinions and briefs by both parties consisted of many pages and contained numerous citations to statutes and reported cases. The county court, in transferring the case to the circuit court, found that the second amended claim contained on its face allegations which stated an enforceable claim. The circuit court's order dismissing the second amended complaint demonstrates that the decision required serious consideration by the court and a determination of the degree of the intrusion. That order states that "the argument created does not rise to the level of conduct that would create liability. Lavis Plumbing Services, Inc. v. Johnson, 515 So.2d 296 (Fla. 3d DCA 1987)." The court properly dismissed the action, but a dismissal on the pleadings in this case was not sufficient grounds to award attorney's fees under section 57.105, Florida Statutes (1987). Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982).
The dismissal with prejudice of count two of Stoddard's last amended complaint is affirmed; the award and judgment for attorney's fees to Wohlfahrt are reversed and vacated.
*1064 AFFIRMED in part; REVERSED in part; VACATED in part.
W. SHARP and GOSHORN, JJ., concur.