BARFIELD, Chief Judge.
We find, as a matter of law, that the allegations of the amended complaint, taken together with the appellee’s affidavit in opposition to the appellant’s motion to dismiss for lack of personal jurisdiction, do not state a cause of action for the tort of outrageous conduct causing severe emotional distress. See Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985); Kent v. Harrison, 467 So.2d 1114 (Fla. 2d DCA 1986); Ford Motor Credit Co. v. Sheehan, 373 So.2d 956 (Fla. 1st DCA), cert. dismissed, 379 So.2d 204 (Fla.1979). These allegations, therefore', do not justify assertion of personal jurisdiction over the appellant under section 48.193(l)(b), Florida Statutes (1995) (“committing a tortious act within this state”). The order is REVERSED and the ease is REMANDED to the trial court for entry of an order dismissing the amended complaint with prejudice.
ALLEN and LAWRENCE, JJ., concur.