606 F.2d 576
 21 Fair Empl.Prac.Cas. 521,
21 Empl. Prac. Dec. P 30,387
Rogers HAMILTON, Individually and on behalf of others
similarly situated, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 79-2139
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Nov. 14, 1979.
 Bill Kimble, San Angelo, Tex., for plaintiff-appellant.
 Cantey, Hanger, Gooch, Munn & Collins, Ira Butler, Fort Worth, Tex., J. R. Wheatley, Detroit, Mich., Edward L. Kemble, Fort Worth, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Texas.
 Before GOLDBERG, RUBIN and POLITZ, Circuit Judges.
 POLITZ, Circuit Judge.
 
 
 1
 Appellant, a black man, filed suit against his employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e Et seq., and under 42 U.S.C. § 1981, alleging racial discrimination in employment practices. The district court found that the complainant had failed to establish the prima facie case of racial discrimination as required for a Title VII case by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The relief sought, including an injunction against alleged harassment and retaliation, was denied. We affirm.
 
 
 2
 In 1969 appellant sought employment as an assembly worker in defendant's plant in Arlington, Texas. He failed the employment physical and was immediately so advised. On May 8, 1974, he applied for employment as an electrician and he was hired on July 1, 1974.[1]
 
 
 3
 The relief sought under Title VII and the Civil Rights Act was for the defendant's failure to hire in 1969 and for the damages sustained by virtue of the delay between the application in May 1974 and the hiring seven weeks later. Appellant also claimed entitlement to injunctive relief against harassment and other retaliation for the attempts to assert his rights under Title VII.
 
 
 4
 Appellant raises three issues on appeal. First, he contends the refusal of employment in 1969 was the product of racial discrimination. Second, he contends the delay in hiring him in 1974 was likewise racially motivated and discriminatory, complaining that there were others more rapidly hired and that defendant conducted employment interviews which were violative of the standards expressed by this court in Rowe v. General Motors Corp., 457 F.2d 348 (5th Cir. 1972), and Parson v. Kaiser Aluminum and Chemical Corp., 575 F.2d 1374 (5th Cir. 1978). Finally, he claims error in the denial of the injunction.
 
 The 1969 Employment Application
 
 5
 The threshold consideration of the 1969 employment dispute is its timeliness. A jurisdictional prerequisite to a Title VII action is the timely filing of a complaint with the Equal Employment Opportunity Commission (EEOC). The EEOC complaint must be filed within 180 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e); McArthur v. Southern Airways, Inc., 569 F.2d 276 (5th Cir. 1978) (en banc); Chappell v. Emco Machine Works Co., 601 F.2d 1295 (5th Cir. 1979). Appellant first filed with the EEOC on June 18, 1974.
 
 
 6
 Appellant's claim under § 1981 is similarly time tarred. In such actions applicable state statutes of limitation are to be applied. Shelly v. Bayou Metals, 561 F.2d 1209 (5th Cir. 1977); Franks v. Bowman Transportation Co., 495 F.2d 398 (5th Cir. 1974). Reversed on other grounds 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). In this instance Art. 5526 of Texas Rev.Civ.Stat.Ann., providing for a two year period, is controlling. Bernard v. Gulf Oil Co., 596 F.2d 1249 (5th Cir. 1979); Green v. Forney Engineering Co., 589 F.2d 243 (5th Cir. 1979). The instant suit was filed August 4, 1975.
 
 
 7
 Appellant insists that the running of the prescriptive periods was tolled until 1974 when he passed the employment physical given by the same doctor who had earlier failed him. Appellant claims that it was only then that he realized the 1969 rejection had been racially motivated. Equitable considerations may very well require that the filing periods not begin to run until facts supportive of a Title VII charge or civil rights action are or should be apparent to a reasonably prudent person similarly situated. Chappell, supra; Bickham v. Miller, 584 F.2d 736 (5th Cir. 1978); Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924 (5th Cir. 1975); Franks, supra. On April 7, 1969, within twenty minutes of completion of the physical examination, appellant was informed he had failed. An employee in defendant's personnel section told appellant he should have passed the physical. Appellant later passed physical examinations administered by his family doctor and by a doctor of another major corporate employer. Despite this information, appellant did nothing for several years. Under these circumstances, neither the EECO filing period or the Texas statute of limitations is subject to equitable tolling. The claim based on the 1969 physical examination and its results have not been timely presented. Consideration of this claim is, accordingly, barred.
 
 The 1974 Employment Application
 
 8
 Appellant complains of what he considers to be inordinate delay between his application and his actual hiring in 1974. He complains of loss of seniority occasioned by this delay and notes that others, all white, were more quickly hired. Appellant contends that he was subjected to discrimination inherent in oral employment interviews, which he argues violate the Rowe standards. He further complained that he was required to make proof of prior employment.
 
 
 9
 The National Collective Bargaining Agreements between defendant and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, required that all electricians at the Arlington plant meet certain tests or have eight years of journeyman experience or the equivalent thereof. In 1974 defendant instituted a program for hiring electricians which required, Inter alia, interviews and verification of prior work experience. The chief electrician concluded that appellant was not qualified as a journeyman electrician. Appellant complained and was then interviewed by defendant's general maintenance foreman who came to the same conclusion. Despite this appellant was hired as an electrician. We are convinced from the record that defendant's higher level management wanted to hire blacks in skilled trades, an obvious informal affirmative action pursuit.
 
 
 10
 The collective bargaining agreement prescribes that to be eligible for employment as an electrician an applicant must: (1) have journeyman status, (2) have completed an apprentice-training course, (3) have previously carried journeyman status in a General Motors plant subject to a previous bargaining agreement, or (4) have had eight years experience as an electrician or the functional equivalent. Appellant did not meet any of these requirements. He does not challenge their validity or propriety.
 
 
 11
 The district court found that the temporary hiring process for electricians in 1974 had six steps: (1) a finding that the application, on its face, reflected the necessary qualifications, (2) a finding by the employment interviewer that the applicant "might be qualified", (3) concurrence by the employment supervisor in that finding, (4) approval of the applicant by the chief electrician, (5) approval by the labor relations department, and (6) verification of the asserted prior work experience. The court found that the interview by the chief electrician was done without regard to race and that the questions dealt with simple principles of electricity. The follow-up interview by the general maintenance foreman was similarly conducted.
 
 
 12
 Appellant argues that the employment process was discriminatory, that the interviews lacked objective guidelines and were mere shields for such discrimination, and that the employment procedure followed was not attuned to the expressions by this court and is therefore invalid. We disagree.
 
 
 13
 A plaintiff in a Title VII case need not show that his employer intentionally discriminated against him. Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); Scott v. City of Anniston, 597 F.2d 897 (5th Cir. 1979). The Supreme Court in McDonnell enunciated four elements for a prima facie case: (1) plaintiff belongs to a protected minority, (2) plaintiff was qualified, (3) plaintiff's application was rejected, and (4) the employer continued to seek applicants with plaintiff's qualifications. See also Parson, supra, and Adams v. Reed, 567 F.2d 1283 (5th Cir. 1978). If the plaintiff establishes a prima facie case the responsibility shifts to the defendant to articulate legitimate nondiscriminatory reasons for its actions. If defendant does so articulate, the plaintiff is then allowed an opportunity to show that the reasons stated by defendant are in fact a pretext for prohibited discrimination.
 
 
 14
 The court below found that appellant was not qualified to be an electrician in 1974 and thus no prima facie case had been established. Appellant now claims that the fact that there was a subjective oral interview in the employment process operated as a ready mechanism for discrimination, contrary to Rowe's mandates, and the process is thus, necessarily, invalid. From this he would insist the prima facie case has been made.
 
 
 15
 In Rowe we found a promotion procedure requiring a recommendation of the immediate foreman to be inconsistent with Title VII. The recommendation included an experience factor which no black could then meet. We there said (at page 359):
 
 
 16
 "All we do today is recognize that promotion/transfer procedures which depend almost entirely upon the subjective evaluation and favorable recommendation of the immediate foreman are a ready mechanism for discrimination against Blacks much of which can be covertly concealed and, for that matter, not really known to management."
 
 
 17
 In the instant case, unlike Rowe, there is a valid objective criterion, the qualification required by the collective bargaining agreements. We are not prepared to say that the existence of subjective oral interviews in the employment process will render that process per se discriminatory where there are meaningful, known objective standards involved.
 
 
 18
 We are aware of no holding to the effect that a complainant who fails to satisfy a valid objective hiring criterion may nonetheless make out a prima facie case under McDonnell and Rowe by pointing to what may be considered an impermissible subjective interview. We do not now so hold. We do not suggest that an employer may not properly include interviews in its employment process. The test is one of objective fairness.
 
 
 19
 Appellant would have us infer from the fact that he was hired on July 1, 1974, that he was qualified when he applied for work as an electrician on May 8, 1974, and therefore the delay was the fruit of racial discrimination. We decline to draw that inference. The record is clear. The appellant was hired as an electrician as part of an informal affirmative action program such as was recently approved by the Supreme Court in United Steelworkers v. Weber, --- U.S. ----, 99 S.Ct. 2721, 61 L.Ed.2d 480 (1979). We choose not to dampen the enthusiasm of employers to do that which defendant did herein when it hired appellant. There is decidedly no justification for penalizing the defendant for not acting more quickly (the asserted delay between the application and the hiring) in an instance in which defendant could not have been legally faulted for not having acted at all.
 
 
 20
 Finally, we conclude that injunctive relief is not appropriate. We have found no Title VII violation. And, further, we concur with the finding of the district court that the evidence does not support the claim that appellant has been given more difficult or dangerous job assignments because he filed the EEOC complaint and this law suit. Nor can defendant be found wanting because of the unacceptable and contemptible actions of one or more of appellant's coemployees since we find in the record that the defendant has taken reasonable steps to discourage such reprehensible activity.
 
 
 21
 For these reasons, the decision of the district court is
 
 
 22
 AFFIRMED.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18
 
 
 [1]
 Complainant claims he also applied for employment in 1971 and 1972 and was rejected contrary to Title VII. The district court found no such application was made. Appellant offers nothing to convince that this was error