**Maryellen H. DOYLE,
Plaintiff-Appellant,**

v.

**The UNIVERSITY OF ÀLABAMA IN BIRMINGHAM, et al.,
Defendants-Appellees.**

No. 81–7697.

United States Court of Appeals,
Eleventh Circuit.

July 19, 1982.

David H. Thomas, Birmingham, Ala., for plaintiff-appellant.

Ina Leonard, University of Alabama in Birmingham, Birmingham, Ala., for defendants-appellees.

Before GODBOLD, Chief Judge, MERRITT * and HENDERSON, Circuit Judges.

MERRITT, Circuit Judge:

Maryellen Doyle, an employee of the University of Alabama for over 20 years, was by her own admission an alcoholic in the Fall of 1979. In October 1979, after her condition had come to the attention of her supervisors on several occasions, Ms. Doyle was placed on involuntary sick leave with full pay and was asked to seek treatment. A memorandum to that effect was placed in her personnel files. She was permitted to return to work on January 23, 1980, but was informed that she would be put on "probation" for 60 days. Doyle worked at full pay during the probationary period. In fact, "probation" was no more than a warning to Doyle that her continued employment was conditioned upon a showing that her alcoholism was under sufficient control to enable her to perform satisfactory work at the University. Thereafter, Doyle continued working for the University. In May 1980, the University decided not to grant her a raise in salary that had earlier been recommended by a salary review commit-

* Honorable Gilbert S. Merritt, U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

tee. In February 1981, Doyle sued the University of Alabama and three university employees individually under 42 U.S.C. § 1983 (1976) alleging a deprivation of property without due process because she was placed on involuntary sick leave, placed on probation and denied a salary increase, all without prior notice and hearing. Apart from the damages associated with the salary raise claim, the only deprivation Doyle alleges under § 1983 is injury to reputation which she asserts was caused by the job-related sanctions imposed upon her and by the inclusion in her files of a memorandum about her alcoholism. Doyle further claimed that by imposing these sanctions the University permitted discrimination against her on the basis of her admitted handicap, alcoholism, and, therefore, was liable to her under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which creates a private right of action against federally funded programs which discriminate against the handicapped.

The District Court dismissed the claims under § 1983 and § 504 on various grounds including eleventh amendment immunity, statute of limitations, and failure to state a claim. We find that except for the salary claim, all the § 1983 claims are barred by the one-year Alabama statute of limitations; that the claims regarding denial of a salary increase are not actionable under § 1983; and the allegations under § 504 fail to state a claim under that statute. We, therefore, affirm the judgment of the District Court on those issues but do not reach the question whether a state university is entitled to sovereign immunity under § 1983.

### The § 1983 Claims

█ There is no dispute that Alabama's one-year statute of limitations applies to all the § 1983 claims raised here. *See Sewell v. Grand Lodge of Int'l Ass'n of Machinists and Aerospace Workers*, 445 F.2d 545 (5th Cir. 1971), *cert. denied*, 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674 (1972); Ala.Code § 6–2–39(a)(5) (1975). Since Doyle did not bring her suit until February 11, 1981, any permissible cause of action must have accrued no earlier than February 11, 1980. The former Fifth Circuit has held that under § 1983 a cause of action for employment discrimination accrues when " 'facts supportive of a . . . civil rights action are or should be apparent to a reasonably prudent person similarly situated' " *Dumas v. Town of Mount Vernon*, 612 F.2d 974, 978 (5th Cir. 1980), *quoting Hamilton v. General Motors Corp.*, 606 F.2d 576, 579 (5th Cir. 1979); *see also Esslinger v. Spragins*, 236 Ala. 508, 513, 183 So. 401 (1938) (cause of action accrues in Alabama "as soon as a party is entitled to begin prosecution thereon"). The only claim brought under § 1983 that clearly satisfies this requirement is that regarding the denial of Doyle's salary increase in May 1980. The other claims both accrued more than a year before institution of the suit: (1) On October 16, 1979, Doyle was placed on involuntary sick leave and a memorandum to that effect was placed in her personnel files soon thereafter. (2) Upon her return to work on January 23, 1980, Doyle was placed on "probation" i.e., was warned that her job was contingent on her satisfactory performance over a sixty-day period. In each case, the only injury she claims is that her reputation was damaged because of the actions of her supervisors. Even assuming that damages to reputation alone were actionable under § 1983 and that a cause of action for injury to reputation could be stated here where the plaintiff admits her alcoholism, the action is barred. It is clear that the defendant's actions each were complete no later than January 23, 1980, and that the plaintiff-appellant was aware of the fact that sanctions were being imposed upon her because of what her supervisors believed to be her alcoholism. All elements of the alleged injury were known or should have been known to the plaintiff-appellant by January 23, 1980. Under Alabama defamation law injury to reputation accrues upon publication, which in this case would be no later

than January 23, 1980. The statute does not toll during the length of time that the plaintiff allegedly suffers the effect of the injury. Thus there is no support for the plaintiff's argument that the statute would toll for the 60-day period that the probationary "warning" was in effect. Any injury to her reputation was complete and actionable when she was warned.

Nor is there any merit to the argument that the statute should be tolled because the University failed to notify Doyle of her right to a hearing before she was deprived of a constitutionally protected property interest. The University's failure to notify Doyle of her right to a hearing is an integral part of the due process claim. The University's position is that it did not deprive Doyle of any protected property interest and, therefore, was not obliged to grant a hearing, so that the question of notice does not arise. Even if the University were wrong, Doyle's cause of action would have accrued on the date that she was placed on leave or probation without a noticed hearing. The University has no duty to inform an employee of a possible cause of action for defamation against it, cf. *Tonsmeire v. Tonsmeire*, 285 Ala. 454, 233 So.2d 465 (1970), and there are no allegations here of the University's attempts to conceal its actions from Doyle so as to activate the Alabama tolling provisions for fraudulent concealment of facts relevant to a cause of action, see Ala. Code § 6–2–3 (1975).

Since Doyle's cause of action for injury to reputation accrued over a year before the suit was filed, and no tolling provisions are applicable under Alabama law, the claims are barred by the statute of limitations.

■ The salary claim, although not barred by the statute of limitations, must nonetheless be dismissed here because Doyle fails to allege facts sufficient to establish that she was deprived of a protected property interest. A raise in salary was recommended for Doyle by a salary review panel in October 1979. That recommenda-

tion, however, was never adopted by the University. In May 1980, the University decided that it would not grant Doyle the raise for 1980 because of her unsatisfactory performance, but left open the possibility of raises in the future. Doyle had no protected property interest in the mere recommendation for a raise; thus she was not entitled to due process safeguards when the recommended raise was disapproved by the University. *Cf. Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1972) (suggesting due process protection extends only to interests *already acquired* in specific benefits). Since no violation of constitutional rights was stated, the District Court's dismissal of this claim was justified.

## The Rehabilitation Act Claim

■ Doyle's claim under § 504 of the Rehabilitation Act of 1973 is premised on the proposition that the University of Alabama was under a federally enforceable duty not to discriminate against her on the basis of her handicap simply because it was a recipient of federal funds. There is no question that the University of Alabama, a multi-program entity, receives federal funds for some of its programs. But this fact alone does not subject the entire university to liability under § 504. The District Court dismissed the § 504 on the grounds that Doyle did not specifically allege that she was an employee of a program that benefitted from federal funds. After the District Court rendered its decision, the former Fifth Circuit, in *Brown v. Sibley*, 650 F.2d 760 (5th Cir. 1981) held, after a careful analysis of the language and legislative history of § 504, that

it is not sufficient, for purposes of bringing a discrimination claim under section 504, simply to show that some aspect of the relevant overall entity or enterprise receives or has received some form of input from the federal fisc. A private plaintiff in a section 504 case must show that the program or activity with which

he or she was involved, or from which he or she was excluded, itself received or was directly benefited by federal financial assistance. (footnotes omitted)

*Brown v. Sibley*, 650 F.2d at 769. Since Doyle does not allege that the program by which she was employed was "directly benefitted by federal financial assistance," her § 504 claim was correctly dismissed.

The judgment of the District Court is, therefore, AFFIRMED.