Clara Nell SMITH, Plaintiff-Appellant,

v.

T.C. McCLAMMY, et al., Defendants-Appellees.

No. 84–7020

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Sept. 4, 1984.

Rehearing and Rehearing En Banc Denied Nov. 16, 1984.

Jim L. DeBardelaben, Montgomery, Ala., for plaintiff-appellant.

Roger S. Morrow, Calvin Whitesell, Christine W. Lewis, Wesley Romine, Montgomery, Ala., for McClammy & Treholm State Technical College.

Charles S. Coody, State Dept. of Educ., Jeffery A. Foshee, Montgomery, Ala., for Alabama State Bd. of Educ. & Gundy.

Before RONEY, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

The district court dismissed Clara Nell Smith's Title VII and § 1983 suit for discriminatory and unlawful termination of employment, holding: the 180 days allowed by 42 U.S.C.A. § 2000e–5(e) for filing a complaint with the Equal Employment Opportunity Commission (EEOC) was not equitably tolled, and her 42 U.S.C.A. § 1983 suit was barred by Ala.Code § 6–2–39, the one-year statute of limitations. We affirm.

On May 27, 1982, Trenholm State Technical College notified Smith that her annual contract as an Emergency Medical Technology instructor would not be renewed, effective August 31, 1982. Smith's charge of discrimination was not filed with the E.E.O.C. until June 23, 1983, more than 180 days after May 27, 1982, the time allowed by statute for the filing of such a claim. *See* 42 U.S.C.A. § 2000e–5(e). Not until October 4, 1983, did she file her suit in the district court.

As to the Title VII claim, this Court has held that the 180-day filing requirement is not jurisdictional and is subject to equitable tolling. *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir.1981). The issue here is whether plaintiff's circumstances require equitable tolling of the statute.

The district court held that the plaintiff's failure to file resulted from her own negligence, rather than from any facts which would suggest equitable tolling. It noted that in *Coke*, the defendants had misled the plaintiff to believe the claim would be paid, but that no misrepresentation was made in the instant case. None of the arguments made either before the district court or this Court make this finding clearly erroneous.

None of the cases relied upon by the plaintiff would require equitable tolling in this case. *Oaxaca v. Roscoe*, 641 F.2d 386 (5th Cir.1981) (holding that the time limits in Title VII for giving notice or filing an administrative complaint might be subject to equitable delay until a former federal employee knew or should have known of the facts that would give rise to a Title VII claim); *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1303 (5th Cir.1979) (holding that where plaintiff had not alleged she was unaware of facts supporting her Title VII claim until after the 180-day period had expired and she did not contend the E.E.O.C. misled her about her rights under Title VII, the 180-day period was not equitably tolled); *Jennings v. American*

927

*Postal Workers Union,* 672 F.2d 712 (8th Cir.1982) (decision that the 180-day period barred suit reversed since unresolved issues of fact remained as to timeliness of complaint); *Forde v. Royal's Inc.,* 537 F.Supp. 1173 (S.D.Fla.1982) (holding 180-day limitations period subject to tolling until plaintiff knew or should have known of acts giving rise to Title VII claim).

The basic principle that runs through these cases seems to be that equitable tolling is based upon the actions of someone other than the claimant that are misleading or constituted fraudulent conduct. In this case, neither the E.E.O.C., nor the employer, nor any other person conducted themselves in a way to make it inequitable to apply the 180-day limitations period.

Smith's complaint states no reason for filing of a complaint beyond the 180-day limit. Her affidavit states she was unaware that she could file a complaint.

Smith was a reasonably prudent and intelligent person and knew on May 27, 1982, that she would not be rehired. *See Hamilton v. General Motors Corp.,* 606 F.2d 576, 579 (5th Cir.1979). Her pursuits with the Alabama Education Association and the college substantiate she knew she had a complaint. These circumstances do not present a cause for equitable tolling.

As to the § 1983 claim, Smith argues that the statute of limitations did not begin to run until she had exhausted state administrative remedies through the Alabama Education Association. An individual is not required to exhaust administrative remedies prior to instituting an action under § 1983. *Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Since exhaustion of administrative remedies is not a prerequisite to filing suit, the statute would not be tolled pending pursuit of administrative remedies but would begin to run on the date the cause of action accrued. In *Doyle v. University of Alabama In Birmingham,* 680 F.2d 1323 (11th Cir.1982), we held Alabama's one-year statute of limitations applies to § 1983 claims. *Doyle* specifies that the cause of action accrues "when 'facts supportive of a

... civil rights action are or should be apparent to a reasonably prudent person similarly situated.'" 680 F.2d at 1325 (citing *Dumas v. Town of Mount Vernon,* 612 F.2d 974, 978 (5th Cir.1980); *quoting Hamilton v. General Motors Corp.,* 606 F.2d 576, 579 (5th Cir.1979), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2990, 64 L.Ed.2d 856 (1980)). Since the cause of action accrued in May 1982 and suit was not brought until well after one year in October 1983, the district court correctly held it to be barred by the one-year statute of limitations.

AFFIRMED.