Royce JONES, Plaintiff,

v.

**PREMIER INDUSTRIAL
CORPORATION,**
Defendant.

Civ. A. No. C83–2419A.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 21, 1985.

Spencer Gandy, Atlanta, Ga., for plaintiff.

William King, Atlanta, Ga., for defendant.

### ORDER OF COURT

HORACE T. WARD, District Judge.

Plaintiff instituted this action alleging age discrimination in violation of 29 U.S.C. § 621 *et seq.*, the Age Discrimination in Employment Act (hereinafter referred to as "ADEA"). The defendant filed a motion to dismiss on the ground that the plaintiff did not file his charge of discrimination within 180 days after his termination from employment, which timely filing is a prerequisite to the filing of a civil suit against an employer under the ADEA. In his brief in opposition to defendant's motion to dismiss, the plaintiff concedes that he did not file his charge of discrimination within 180 days after his termination but contends that his charge was filed well within 180 days of his gaining knowledge of facts to support the charge, and that, therefore, he is entitled to equitable tolling of the time period for filing.

After agreeing that there is a factual issue as to whether the plaintiff's failure to timely file a charge of age discrimination was the result of such facts and circumstances as would equitably toll the running of the 180-day period, the parties jointly proposed to limit discovery to the preliminary issue so that the matter could be treated by the court as a motion for sum-

mary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The undisputed material facts can be summarized as follows: On February 2, 1982, plaintiff, then a 53-year-old sales manager, was terminated without notice after seventeen (17) years of employment with the defendant, a distributor of electronic components and industrial maintenance products. On that same day, plaintiff was advised in a meeting with two of his supervisors that he was being discharged because "sales were off" and "some changes were being made."

Plaintiff's general awareness of the economic conditions of the company and the industry as a whole negated any thought on his part that his termination was prompted by anything other than the stated economic reasons. Other individuals, including three (3) management employees, thought plaintiff's termination was unfair, given plaintiff's performance and promotion record at Premier Industrial, and assisted in efforts to have him rehired. Although plaintiff's immediate supervisor privately recommended that plaintiff seek legal advice, no one thought at that time that age was a factor.

Efforts to secure plaintiff's rehire continued for approximately a year following his termination,[1] until plaintiff learned he would not be further considered for reemployment by the defendant. In the interim, plaintiff was replaced by two younger employees, one of whom was outside the class of persons protected by the ADEA. Both individuals were hired by the defendant on or about November 1, 1982.

In April of 1983, plaintiff learned that other employees within the protected age group had been terminated by defendant. In June of 1983, plaintiff learned of another such termination and that individual confirmed the information plaintiff learned in April. Shortly thereafter, plaintiff sought legal advice, and the instant charge was filed on July 8, 1983.

■ Section 7(d)(1) of the ADEA, 29 U.S.C. § 626(d)(1), limits the period in which an aggrieved employee may initiate an action against his employer. It provides, in part:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [Equal Employment Opportunity] Commission. Such a charge shall be filed
>
> (1) within 180 days after the alleged unlawful practice occurred.

It is now established, and the parties concede, that this 180-day charge-filing requirement is not a jurisdictional prerequisite that deprives a court of subject matter jurisdiction, but a condition precedent more in the nature of a statute of limitations. *See McClinton v. Alabama By-Products Corporation,* 743 F.2d 1483, 1485 (11th Cir.1984), *citing Coke v. General Adjustment Bureau,* 640 F.2d 584, 595 (5th Cir. 1981) (en banc). The same equitable considerations familiar to statutes of limitation have been relied upon by courts to forestall the strict inflexible application of the ADEA's filing requirement: the 180-day period does not begin to run until facts that would support a charge of discrimination "were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff." *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 931 (5th Cir.1975); *see Smith v. McClammy,* 740 F.2d 925 (11th Cir.1984).

■ Plaintiff concedes that he did not file his charge of discrimination within 180 days after his termination but contends that his charge was filed well within 180 days of his gaining knowledge of facts that would support the charge, and that he is entitled to equitable tolling of the statutory time period allowed for filing. He argues that it was not until other persons within the protected age group were terminated

---

1. Plaintiff states in his affidavit that defendant's employment policy and practice was to restore benefits associated with past service to former employees who are rehired within one year following termination.

that plaintiff first suspected age to be a factor in his termination and that his charge, filed within 180 days after he gained knowledge of the alleged pattern, is timely.

Defendant has presented no evidence contradicting the facts set forth above, but instead contends that these facts are insufficient as a matter of law to entitle plaintiff to equitable tolling of the filing period. Defendant's position is that the filing period should be tolled no longer than that point in time when facts which would support a *prima facie* case of age discrimination were apparent to the plaintiff. In this vein, defendant argues that the filing period should have commenced running no later than mid-December 1982, when the elements of a *prima facie* case were arguably apparent, and thus the filing of plaintiff's charge on July 8, 1983 operates as a bar to the present litigation.

The basic flaw in defendant's theory lies in the assumption that facts which would support a *prima facie* case of age discrimination should have been apparent to the plaintiff by mid-December 1982, when he learned that he had been replaced by two persons, one of whom was outside the protected age group. The defendant has cited no case law to support the proposition that knowledge of an employer's decision to hire two persons, one of whom falls within the protected age group, will suffice to support a charge of discrimination, and this court declines to so conclude. To the contrary, a showing that an employee has been replaced by another member of the protected class is more in the nature of rebuttal to a *prima facie* case of age discrimination. *See Moore v. Sears, Roebuck and Co.,* 464 F.Supp. 357 (D.C.Ga.1979).

After a careful review of the facts set forth in the record and the applicable statute and case law, the court is persuaded that the facts supporting a charge of age discrimination did not become apparent until the spring of 1983, when plaintiff learned of defendant's alleged pattern of replacing older employees with persons outside the protected age group. There-

fore, the 180-day period did not begin to run until that time, and plaintiff timely filed his notice of intent to file suit on July 8, 1983.

For the foregoing reasons, it is hereby ORDERED that the defendant's motion for summary judgment is DENIED.