Dr. Edward SENIGAUR

v.

BEAUMONT INDEPENDENT SCHOOL DISTRICT, O.C. Taylor, Superintendent, Bill Christian, President of the Board of Trustees.

Civ. A. No. B–88–1096–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

April 20, 1990.

Mark T. McDonald, Houston, Tex., Elmo R. Willard, Jr., Beaumont, Tex., for plaintiff.

Robert J. Hambright, Orgain, Bell & Tucker, Tanner T. Hunt, Jr., Wells, Peyton, Beard, Greenberg, Hunt & Crawford, Beaumont, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

The defendants Beaumont Independent School District (BISD), O.C. Taylor, Superintendent, and Bill Christian, President of the Board of Trustees of BISD, have moved this court under FED.R.CIV.P. 12(b)(6) and FED.R.CIV.P. 56 for partial dismissal. The defendants seek dismissal of the plaintiff's claims under 42 U.S.C. §§ 1981 and 1985, and the Fourteenth Amendment of the United States Constitution, and claims against the defendants O.C. Taylor and Bill Christian in their individual capacities. This court has previously ordered dismissal of the plaintiff's claims against defendants O.C. Taylor and Bill Christian in their individual capacities, thereby rendering that part of the motion now under consideration moot. The other elements of the defendants' motion for partial dismissal are treated as follows.

## MOTION UNDER RULE 12(b)(6) AND 56 FOR DISMISSAL OF SECTION 1981 CLAIMS

█ The defendant first argues the plaintiff's claim of promotion denial under § 1981 is time barred. *Motion for Partial Dismissal*, pp. 1–2 (*Motion*). The plaintiff does not dispute this in his response. *See Plaintiff's Response in Opposition to Motion for Partial Dismissal*, pp. 1–2 (*Response*). This court finds that the alleged promotion denial occurred August 7, 1986. Suit was not filed until November 28, 1988. The applicable statute of limitations is two years, the Texas limitation for personal injury claims. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); *Hamilton v. General Motors Corp.*, 606 F.2d 576 (5th Cir.1979), *cert. denied*, 447 U.S. 907, 100 S.Ct. 2990, 64 L.Ed.2d 856 (1980). Accordingly, defendant's motion for dismissal of the promotion denial claim under § 1981 is GRANTED.

█ The defendant next argues that the plaintiff's claim of retaliatory reassignment under § 1981 is not actionable, citing *Patterson v. McLean Credit Union*, — U.S. —, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), *Motion*, pp. 2–4. The plaintiff responds that the claim is actionable, even after *Patterson*, because the plaintiff was allegedly reassigned in retaliation for filing an EEOC charge. *Response*, pp. 1–2.

This court has previously held, and continues to interpret *Patterson* as requiring, that "where, as here, a plaintiff has an explicit remedy available under Title VII, § 1981 will not provide overlapping relief." *Ward v. Sisters of Charity of the Incarnate Word*, Civil Action No. B–86–0606–CA (E.D.Tex. Feb. 2, 1990). 42 U.S.C. § 2000e–3 specifically covers such retaliatory action. Accordingly, the defendant's motion for dismissal of the retaliatory reassignment claim under § 1981 is GRANTED.

## MOTION UNDER RULE 12(b)(6) FOR PARTIAL DISMISSAL OF FOURTEENTH AMENDMENT CLAIMS

The defendant argues the plaintiff's claim of promotion denial under the Four-teenth Amendment is time-barred. *Motion*, pp. 4–5. The plaintiff does not dispute this, but argues his claim of retaliatory reassignment is not time-barred. *Response*, p. 2. This court agrees with both parties. The defendant's motion for dismissal of the claim of promotion denial under the Fourteenth Amendment is GRANTED.

## MOTION UNDER RULE 12(b)(6) FOR DISMISSAL OF SECTION 1985 CLAIMS

█ The defendant argues that the plaintiff has failed to allege facts sufficient to support the plaintiff's claim under § 1985. *Motion*, p. 5. The plaintiff apparently responds that the use of the plural "defendants" in the complaint is sufficient to plead a § 1985 claim of conspiracy. *Response*, p. 3.

The Supreme Court has declared that in order to adequately plead a claim under § 1985, a plaintiff must allege the existence of a conspiracy and "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Even with the liberal interpretation allowed for federal pleadings, this court cannot see that an assertion a plaintiff is black, coupled with the use of the word "defendants" in the complaint, states a claim under § 1985. Accordingly, the defendant's motion to dismiss the plaintiff's claim under § 1985 is GRANTED.

## CONCLUSION

The defendant's motion for dismissal of the plaintiff's claims under 42 U.S.C. §§ 1981 and 1985 and the Fourteenth Amendment of the United States Constitution is GRANTED. The defendant's motion for dismissal of the plaintiff's claims against defendants O.C. Taylor and Bill Christian in their individual capacities is MOOT.