L. CHARLES WRIGHT, Retired Appellate Judge.
Robert Turner was a tenured employee of Lawson State Community College. In August 1986 he received correspondence from Jesse Lewis, president of the college, notifying him that his contract for the 1986-1987 school year would not be renewed. The reason given for nonrenewal was: “[¡Justifiable decrease in the number of jobs in the institution as a result of a reduction in State Funding of the College for Fiscal Year 1986-1987.”
Turner timely notified Lewis of his intent to contest the nonrenewal of his contract. A three-member panel was convened to hear the contest. Following a hearing on the matter, the panel determined that Turner should be reinstated. The panel rendered their decision on November 20, 1986.
Despite the panel’s decision, the college did not reinstate Turner.
On January 13, 1987 Turner instituted the present action against the college and Lewis, in his official and individual capacity. Turner complained that the termination of employment and . the subsequent failure to reinstate him violated his rights to due process and equal protection as guaranteed by the United States Constitution. The complaint was based on a 42 U.S.C. §§ 1983 and 1988 claim. It requested injunctive relief, damages (punitive and actual), attorney’s fees, and costs.
The defendants answered the complaint and denied the allegations contained therein.
On February 17, 1987 the trial court directed the defendants to reinstate Turner to his prior position and to pay him his usual salary. It ordered that compensation should be paid from November 20, 1986, the date the employee review panel rendered its decision.
*984 The defendants did not immediately comply with the ordered reinstatement. On February 25, 1987 Turner filed a motion for contempt. Subsequent to the filing of the contempt motion, the defendants reinstated Turner and restored some measure of back pay.
On January 18, 1991 Turner filed a Motion to Set for Trial, seeking a hearing to “resolve the issue of his back pay and damages as sought in the complaint.” The defendants filed a “Motion in Opposition to Plaintiffs Motion to Set for Trial,” arguing that there was no justiciable issue to be resolved because Turner had been reinstated and paid according to the court’s order. On March 7, 1991 the trial court set the case for trial on the sole issue of back pay.
Turner filed a motion for reconsideration, asserting that pursuant to 42 U.S.C. §§ 1983 and 1988 he was entitled to compensatory and punitive damages and attorney’s fees.
On May 20, 1991 defendants filed a motion for summary judgment reiterating that there was no justiciable issue to be tried. The defendants argued in supporting memorandum that they were immune from claims brought under §§ 1983 and 1988. They asserted that Lewis was also immune in his individual capacity.
The trial court granted summary judgment in favor of the college and Lewis in his official capacity on the basis of sovereign immunity. It further granted summary judgment in favor of Lewis in his individual capacity based on qualified immunity.
Turner filed a motion for reconsideration which was denied. Turner appeals.
Turner initially asserts that the trial court erred in granting summary judgment in favor of Lewis in his individual capacity based on qualified governmental immunity because of his failure to plead and prove such affirmative defense.
Qualified immunity is an affirmative defense which must be specifically pleaded. Rule 8(c), Alabama Rules Civil Procedure; Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); Prescott v. Pritchett, 509 So.2d 222 (Ala.Civ.App.1986), rev’d on other grounds, Ex parte Prescott, 509 So.2d 227 (Ala.1987). See also Bell v. Chisom, 421 So.2d 1239 (Ala.1982); Parker v. Downing, 547 So.2d 1180 (Ala.Civ.App.1988). Once an answer is filed and an affirmative defense is not pleaded, that defense is deemed waived. Wallace v. Alabama Ass’n of Classified School Employees, 463 So.2d 135 (Ala.+1984). An affirmative defense may be revived if there is no objection from the adverse party, if the party who should have pleaded it is allowed to amend his pleading, or if the defense appears on the face of the complaint. Wallace.
Lewis failed to plead the affirmative defense of qualified immunity. He attempted to raise the defense for the first time in his memorandum brief supporting his motion for summary judgment. Had he properly presented such defense, the burden would have been upon him to prove it by admissible evidence. Gomez. In an action brought under 42 U.S.C. § 1983 against a public official whose position might entitle him to qualified immunity, the defendant must plead and prove as a defense that he had acted within his authority and in good faith. Gomez; Procunier v. Navarette, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Our supreme court has addressed this issue and determined that a waived affirmative defense cannot be revived by asserting the defense in a memorandum in support of a motion for summary judgment. Wallace, citing Funding Systems Leasing Corp. v. Pugh, 530 F.2d 91 (5th Cir.1976).
We find that the claim of Lewis’s qualified immunity was improperly and untimely raised. The trial court granted summary judgment in favor of Lewis in his individual capacity because of “qualified” governmental immunity. That defense was neither pleaded nor supported by proof before summary judgment. The judgment must be reversed.
Summary judgment is reversed, and the case is remanded for further proceedings.
*985 The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.