[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2011
JOHN LEY
CLERK

No. 10-13122
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-02387-CAP

ARELIOUS MUCKLE,

Plaintiff-Appellant,

versus

UNCF,
a.k.a. United Negro College Fund,
BILL & MELINDA GATES FOUNDATION,
a.k.a. Gates Foundation,
DR. MICHAEL LOMAX,
CEO of UNCF, individually and in his official capacity,
LARRY A. GRIFFITH, VP of Gates Millennium Scholars Program/UNCF,
individually and in his official capacity,
WILLIAM H. GATES, III, Co-Chair and trustee, individually and
official capacity, a.k.a. Bill Gates,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 30, 2011)

Before TJOFLAT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Arelious Muckle appeals *pro se* the district court's order dismissing his complaint alleging violations under § 504 of the Rehabilitation Act of 1973 and 42 U.S.C. § 1983, and breach of contract claims. In his Complaint, Muckle alleged various employees of the United Negro College Fund (UNCF) and the Bill and Melinda Gates Foundation (Foundation) deprived him of his equal protection rights and breached his contract with the Gates Millennium Scholars Program (GMSP) because he was temporarily disabled. Due to this alleged deprivation of rights, Muckle could not be reinstated as an active scholar eligible for GMSP scholarship funds. On appeal, Muckle argues the district court should have granted him leave to amend his complaint before dismissing his case for failure to state a claim. We address each count of his complaint in turn.[1]

I.

The district court dismissed Muckle's § 504 Rehabilitation Act claim because he had failed to allege the Defendants received federal financial

---

[1]We review "a dismissal for failure to state a claim under [28 U.S.C.] § 1915(e)(2)(B)(ii) *de novo*." *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002).

assistance. Muckle argues he should have been allowed to amend his complaint to account for this deficiency.

Under Federal Rule of Civil Procedure 15, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, . . . a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it," even where the plaintiff seeks leave to amend after the entry of the final judgment or "where the plaintiff never seeks leave to amend in the district court." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*).

The district court erred in part in dismissing Muckle's § 504 Rehabilitation Act claim because a more carefully drafted complaint might state a claim against the UNCF if Muckle can show the GMSP received federal financial assistance.[2] *See Bank*, 928 F.2d at 1112; *Doyle v. Univ. of Ala. in Birmingham*, 680 F.2d 1323,

---

[2]Muckle states in his complaint that the GMSP was initially funded by a grant from the Foundation, but the record does not state whether that initial grant has been supplemented by federal funds.

1326-27 (11th Cir. 1982) (in order to state a claim under § 504 of the Rehabilitation Act, a private plaintiff must show, among other things, the specific program or activity conferring or withholding the benefit received or was directly benefitted by federal financial assistance). We agree, however, the district court did not err in dismissing Muckle's § 504 claim against the individual defendants, Dr. Michael Lomax, CEO of the UNCF, and Larry Griffith, Vice President of the GMSP, because they did not actually receive federal financial assistance.

## II.

The district court dismissed Muckle's 42 U.S.C. § 1983 claim against all seven Defendants because he had failed to allege that any of the Defendants' conduct was committed under color of state law. Muckle concedes in his brief that the Foundation, William H. Gates III, Melinda French Gates, and Margaret Daniel Tyler, Vice President and Executive Director of the GMSP, did not act under color of state law. Muckle contends, however, that he should be allowed to amend his complaint to substitute the UNCF, Dr. Lomax and Dr. Griffith acting in their official capacities.

To prove a claim under 42 U.S.C. § 1983, a plaintiff must show he was "deprived of a right secured by the Constitution or laws of the United States . . . under color of state law." *Focus on the Family v. Pinellas Suncoast Transit Auth.*,

4

344 F.3d 1263, 1277 (11th Cir. 2003) (quotation omitted). Private conduct does not meet the "under color of state law" requirement even where the private defendants received state and federal funding. *Id.*; *Nail v. Cmty. Action Agency of Calhoun Cnty.*, 805 F.2d 1500, 1501-02 (11th Cir. 1986).

The district court did not err in dismissing Muckle's § 1983 claims against all seven Defendants because they are private actors who could not have acted under color of state law. *See Focus on the Family*, 344 F.3d at 1277. Further, these private defendants did not act under color of state law merely because the UNCF received federal financial assistance. *See Nail*, 805 F.2d at 1501-02.

### III.

The district court dismissed Muckle's breach of contract claims, stating that Muckle could not allege damages for a breach of constitutional rights against private individuals and entities. Muckle argues that Counts II and IV of the complaint alleged the Defendants breached his contractual rights under the GMSP agreement, not his constitutional rights.

The district court did not err in dismissing Muckle's breach of contract claims against William H. Gates III, Melinda French Gates, Dr. Michael Lomax, Larry Griffith, and Margaret Daniel Tyler because Muckle alleged no facts in his

Complaint showing these individuals breached a contract with him.[3]  The district court did err, however, in dismissing Muckle's breach of contract claims against the UNCF and the Foundation.  The district court found that Muckle alleged the defendants violated his constitutional rights by breaching a contract with him.  However, Muckle actually alleged the UNCF and the Foundation violated his rights under the GMSP contract when they breached the contract, not his constitutional rights.  Thus, so long as the district court had jurisdiction over these state law claims,[4] it should not have dismissed the claims against UNCF and the Foundation without first allowing Muckle to amend his complaint. *See Bank*, 928 F.2d at 1112.  Accordingly, we vacate and remand to the district court for proceedings consistent with this opinion.

**VACATED AND REMANDED.**

---

[3]The Complaint's breach of contract counts expressly state that the defendants "violated the rights of plaintiff by breach of contract according to the Gates Millennium Scholars Administrative Program."  Even liberally construed, Muckle's Complaint only alleges a contract between himself and the UNCF and/or the Foundation.

[4]The district court appears to have had original jurisdiction over the breach of contract claims because there was diversity of citizenship and Muckle claimed more than $75,000 in damages.  *See* 28 U.S.C. § 1332(a)(1).  If the district court finds on remand that Muckle cannot in good faith claim more than $75,000 in damages, it must determine whether it has supplemental jurisdiction over the breach of contract claims.  *See Mas v. Perry*, 489 F.2d 1396, 1400 (5th Cir. 1974); 28 U.S.C. § 1367.