Pamela ROLLINS and Gary
Rollins, Plaintiffs,

v.

McDONNELL DOUGLAS
CORPORATION, et
al., Defendants.

No. 93–806–CIV–ORL–22.

United States District Court,
M.D. Florida,
Orlando Division.

July 11, 1995.

Daniel Patrick Faherty, Cianfrogna, Telfer, Reda & Faherty, P.A., Titusville, FL, for Plaintiffs.

David V. Kornreich, Debra A. Abbott, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Orlando, FL, Jill Hanson, Hanson, Perry & Jensen, West Palm Beach, FL, for Defendants.

**1.** The Plaintiffs have withdrawn Counts II and

## ORDER

CONWAY, District Judge.

This cause comes before the Court for decision on the parties' motions for summary judgment. The Court has considered the motions, accompanying memoranda, and evidentiary materials filed in connection with the motions, and issues the following rulings thereon.

## I. BACKGROUND

Plaintiff Pamela Rollins is a former employee of Defendant McDonnell Douglas Corporation ("MDC"). She contends that she was sexually harassed by Defendant Greg Coles, a co-employee and an official of Defendant International Association of Machinists and Aerospace Workers Union ("the Union"), during her tenure at MDC.

Pamela Rollins and her husband, Gary Rollins, have sued MDC, Coles and the Union. The Rollins' claims are summarized in the parties' Joint Pretrial Stipulation:

> In Counts I and III Plaintiff Pamela Rollins alleges that [MDC] and Defendant Union subjected her to hostile environment sexual harassment and failed to take appropriate remedial action. In Count I, Plaintiff Pamela Rollins also claims that she was subjected to additional harassment/retaliation from other co-workers after she complained about Defendant Coles sexually harassing her, that Defendant MDC failed to take prompt appropriate remedial action with regard to the alleged additional harassment, and that her termination was in violation of Title VII....
>
> In Counts IV, V and VI, Plaintiff Pamela Rollins claims that Defendants intentionally inflicted emotional distress on her as a result of Defendant Coles' alleged sexual harassment.... In Count VIII, Plaintiff Gary Rollins seeks damages for loss of consortium from Defendants.[1]

Dkt. 79 at 1–2 ("Statement of the Nature of the Action").

VII.

**1516**

## II. MDC's MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' STATE–LAW CLAIMS CONTAINED IN COUNTS V, VII AND VIII OF PLAINTIFF'S COMPLAINT (DKT. 30)

■ As previously noted, the Plaintiffs have withdrawn the breach of contract claim asserted in Count VII. Accordingly, MDC's motion is moot with respect to that claim.

The parties have stipulated that "[i]n order to establish a state-law claim of intentional infliction of emotional distress, Plaintiff Pamela Rollins must prove 'extreme and outrageous conduct.' Plaintiff Pamela Rollins must allege and prove conduct so outrageous and atrocious in character and so extreme in degree as to go beyond all bounds of decency and to be regarded as odious and utterly intolerable in a civilized community." Dkt. 79 at 24–25. Viewing the evidence in a light most favorable to Pamela Rollins, that evidence does not rise to the level of conduct necessary to support a claim of intentional infliction of emotional distress under Florida law. *See, Lay v. Roux Laboratories, Inc.,* 379 So.2d 451, 452 (Fla. 1st DCA 1980) (although allegations that co-employee threatened the plaintiff with the loss of her job, directed humiliating language, vicious verbal threats, and racial epithets at her, and called her a "nigger" when an argument arose concerning a parking space, were "extremely reprehensible", they did not reach the level of "outrageousness and atrociousness" necessary to constitute intentional infliction of emotional distress); *Vance v. Southern Bell Tel. & Tel. Co.,* 983 F.2d 1573, 1574 n. 2 & 1575 n. 7 (11th Cir.1993) (following allegations deemed not to rise to level of "extremity or outrageousness" required to sustain a claim of intentional infliction of emotional distress: hanging a rope noose over black plaintiff's work station, suspending plaintiff for an offense for which white employees were not suspended, subjecting plaintiff to a physical altercation with a white female co-worker and disciplining only the plaintiff over the incident, sabotaging the plaintiff's work on a pay phone, refusing to treat plaintiff equally in disciplinary proceedings unless she dismissed charges of racial discrimination pending before a local government agency, refusing to purge stale disciplinary actions from plaintiff's file, confining plaintiff to the supervision of the white woman who attacked her, thereby causing her to suffer a nervous breakdown on the job, intentionally transporting plaintiff to the wrong hospital during her nervous breakdown in order to cause her further trauma, refusing plaintiff's request to transfer her to a different department, and constructively discharging her when she was physically and mentally unable to continue working under her "tormentors"), *cert. denied,* —— U.S. ——, 115 S.Ct. 1110, 130 L.Ed.2d 1075 (1995). Accordingly, MDC is entitled to summary judgment on Pamela Rollins' claim of intentional infliction of emotional distress.

The parties have also stipulated that the success of Gary Rollins' loss of consortium claim is dependent on the success of his wife's claim of intentional infliction of emotional distress. Dkt. 79 at 28 ("To establish a loss of consortium claim, Plaintiff Gary Rollins must establish that Plaintiff Pamela Rollins is entitled to recover against a Defendant as a result of intentional infliction of emotional distress committed by that Defendant; and that as a result of such conduct by that Defendant, Plaintiff Gary Rollins has suffered the loss of his wife's consortium, or is reasonably certain to suffer such loss in the future"). Further, in their Memorandum opposing MDC's motion, the Plaintiffs have conceded that if the Court dismisses all of the Plaintiffs' state law claims, then Gary Rollins' loss of consortium claim should be dismissed, as well. Since the Court has determined that MDC is entitled to summary judgment on Pamela Rollins' claim of intentional infliction of emotional distress, MDC is likewise entitled to summary judgment on Gary Rollins' loss of consortium claim.

## III. MDC's MOTION FOR SUMMARY JUDGMENT AS TO THE SEXUAL HARASSMENT CLAIM CONTAINED IN COUNT I OF PLAINTIFFS' COMPLAINT (DKT. 31)

■ Although the title of this motion suggests that it is directed solely at Pamela Rollins' sexual harassment claim, it actually

seeks summary judgment on her retaliation claim, as well. The parties have stipulated that "[t]he order and allocation of proof for establishing claims of retaliation under Title VII are well established, and require the same burden-shifting analysis as traditional discrimination claims under the Act." Dkt. 79 at 26. They have further stipulated that "Pamela Rollins must first establish a prima facie case of retaliation before any evidentiary burden shifts to Defendants." *Id.* (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Under *McDonnell Douglas,* once a plaintiff establishes a prima facie case, the burden shifts to the defendant employer "to articulate some legitimate, nondiscriminatory reason" for the challenged conduct. *Id.* at 802, 93 S.Ct. at 1824. If the defendant meets that burden, the burden then shifts back to the plaintiff to prove that the defendant's stated reason was pretextual. *Id.* at 804, 93 S.Ct. at 1825.

■ The Court will assume for present purposes that Pamela Rollins has established a prima facie case of retaliation in connection with her termination. However, MDC has articulated a legitimate, nondiscriminatory reason for discharging Rollins. The evidence is undisputed that Rollins was fired because she made false statements to a health care provider and to a MDC company nurse concerning her physical condition and her whereabouts while supposedly convalescing as a result of an alleged on-the-job injury. For her part, Rollins has failed to present any evidence that MDC's articulated reason was pretextual. Accordingly, MDC is entitled to summary judgment on Pamela Rollins' termination claim.

■ The Court determines that existing issues of material fact preclude summary judgment on Pamela Rollins' remaining Title VII claims. More specifically, concerning MDC's argument that Pamela Rollins did not timely file a charge of discrimination, there is evidence that Coles may have sexually harassed Pamela Rollins up to the time of her termination. *See,* Pamela Rollins' Affidavit (Dkt. 67) at para. 3. Moreover, unresolved fact issues exist concerning whether Coles' alleged behavior was "unwelcomed", and whether MDC took appropriate remedial action once the alleged sexual harassment was brought to its attention. Finally, the issue of Pamela Rollins' entitlement to compensatory and punitive damages under Title VII must be resolved at trial, inasmuch as there is evidence that sexual harassment and retaliation may have occurred after the effective date of the Civil Rights Act of 1991. Accordingly, MDC's motion will be denied in all other respects.

## IV. PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AGAINST UNION DEFENDANTS (DKT. 49) AND MDC (DKT. 51)

The Plaintiffs seek summary judgment on various defenses raised by the Defendants. The Court determines that the Plaintiffs have not demonstrated a sufficient basis for a ruling in their favor. Accordingly, this motion will be denied.

This ruling does not encompass the Defendants' workers' compensation exclusivity defense, inasmuch as that defense has been withdrawn. The Court also does not reach the "defense" based on *Fla.Stat.* § 448.08, since it is actually a post-trial claim for attorneys' fees which may or may not materialize, depending on the outcome of the case.

■ Finally, concerning Pamela Rollins' entitlement to a jury trial, the Complaint contains a demand for jury trial only in Gary Rollins' loss of consortium count (Count VIII). Moreover, the demand is made only on behalf of Gary Rollins. *See,* Dkt. 1 at 19 ("WHEREFORE, the Plaintiff, Gary Rollins, demands judgment for damages against the Defendants and requests a trial by jury of all issues so triable by a jury"). This jury demand necessarily relates only to those issues pertaining to Gary Rollins' loss of consortium claim. Nowhere in the Complaint is a jury trial demanded on behalf of Pamela Rollins. The Defendants are thus correct in asserting that Pamela Rollins has waived her right to a jury trial. *See,* Fed.R.Civ.P. 38(d). Moreover, Pamela Rollins has not sought to remedy that waiver by filing a motion for a jury trial. *See,* Fed.R.Civ.P. 39(b) ("[N]otwithstanding the failure of a party to demand a

jury in an action in which such a demand might have been made of right, the court in its discretion **upon motion** may order a trial by a jury of any or all issues" (emphasis supplied)). Absent such a motion, the Court does not have the discretion to permit a jury trial. *See, Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1029 (5th Cir.1980) ("A Rule 39(b) motion is necessary to relieve a party from waiver; the court cannot grant relief on its own initiative"). Accordingly, this case will proceed to trial before the Court, rather than before a jury.

### V. COLES' AND THE UNION'S MOTION FOR SUMMARY JUDGMENT (DKT. 57)

Coles and the Union are entitled to summary judgment on Pamela Rollins' claim of intentional infliction of emotional distress, and Gary Rollins' loss of consortium claim, on the same basis as MDC.[2] For reasons set forth *supra*, unresolved fact issues preclude a ruling in the moving Defendants' favor on their argument that Pamela Rollins did not file a timely discrimination charge.

Coles also seeks summary judgment on the basis that, as an individual, he cannot be held liable under Title VII. However, by virtue of Pamela Rollins' withdrawal of her Title VII claim against Coles, this argument is now moot.

The Union independently claims entitlement to summary judgment on Pamela Rollins' Title VII sexual harassment claim. However, the Court concludes that the Union has not shown the absence of disputed issues of material fact, and has not demonstrated that it is entitled to judgment as a matter of law on such claim. These circumstances preclude summary judgment in the Union's favor on the Title VII sexual harassment claim.

### VI. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. McDonnell Douglas Corporation's Motion for Summary Judgment as to Plaintiffs' State–Law Claims Contained in Counts V, VII and VIII of Plaintiffs' Complaint (Dkt. 30) is GRANTED IN PART AND DENIED, AS MOOT, IN PART. The Motion is DENIED, AS MOOT, insofar as it seeks summary judgment on Count VII of the Complaint (breach of contract). The Motion is GRANTED insofar as it seeks summary judgment on Counts V and VIII of the Complaint (intentional infliction of emotional distress and loss of consortium).

2. McDonnell Douglas Corporation's Motion for Summary Judgment as to the Sexual Harassment Claim Contained in Count I of Plaintiffs' Complaint (Dkt. 31) is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as it seeks summary judgment on Pamela Rollins' termination claim. The Motion is DENIED in all other respects.

3. The Plaintiffs' Motion for Partial Summary Judgment Against Union Defendants (Dkt. 51) is DENIED.

4. The Plaintiffs' Motion for Partial Summary Judgment Against McDonnell Douglas Corporation (Dkt. 51) is DENIED.

5. Greg Coles' and International Association of Machinists and Aerospace Workers Union's Motion for Summary Judgment (Dkt. 57) is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as it seeks summary judgment on Counts IV and VI (intentional infliction of emotional distress), and Count VIII (loss of consortium), of the Complaint. The Motion is DENIED AS MOOT insofar as it seeks summary judgment on Pamela Rollins' Title VII claim against Greg Coles. The Motion is DENIED in all other respects.

6. Greg Coles is DISMISSED as a defendant herein.

7. Gary Rollins is DISMISSED as a plaintiff herein.

8. This case will be tried before the Court, rather than before a jury.

DONE AND ORDERED.

---

**2.** This ruling moots the moving Defendants' argument that the Court "should dismiss plaintiffs' pendent state tort claim if the Title VII claim is dismissed." Dkt. 57 at 2.