[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#101)
In this case, the court is asked to determine whether the plaintiff's CT Page 3132-db allegations meet the threshold for extreme and outrageous conduct that separates the indignities and annoyances endemic to modem life from tortious infliction of emotional distress. Because counts two and three of the plaintiff's complaint, although potentially capable of stating valid causes of action, lack the requisite allegation of facts, the defendant's motion to strike must be granted.
 BACKGROUND
The plaintiff, Millard Dingle ("Dingle") has brought a three count complaint against the defendant, Fleet Bank (hereinafter "Bank"). Count one alleges discrimination in violation of General Statutes § 46a-64
(a)(1), count two alleges intentional infliction of emotional distress and count three alleges negligent infliction of emotional distress. The Bank has moved to strike counts two and three asserting that they fail to state a claim upon which relief can be granted.[1]
All counts stem from the same factual allegations contained in the complaint which may be summarized as follows:
On November 15, 1999, Dingle went to the Bank, where he maintained an account, to cash a check issued to him by his attorney. Before cashing the check, Dingle was detained for close to half an hour while the Bank verified the validity of the check.
Dingle further alleges that "[u]pon information and belief, Caucasian customers of the bank are never subjected to such extreme harassment while cashing checks."
 DISCUSSION
To make out a case for intentional infliction of emotional distress, a plaintiff must prove: 1) that the defendant intended to inflict emotional distress, or knew or should have known emotional distress was a likely result of the defendant's conduct; 2) that the conduct was extreme and outrageous; 3) that the defendant's conduct caused the plaintiff's distress and emotional distress sustained was severe. DeLaurentis v. NewHaven, 220 Conn. 225, 267 (1991); Restatement (Second) Torts (1965) § 46. The distinguishing feature of this tort is the requirement of "extreme outrageous conduct." Indeed, it is not an overstatement to assert that this is the entire tort. See The Right to Minimum SocialDecency and the Limits of Evenhandedness: Intentional Infliction ofEmotional Distress by Outrageous Conduct, 82 Columbia Law Review, Pt. 1, 42, 46 (1982). CT Page 3132-dc
The plaintiff's complaint, in effect, alleges his "belief" that the delay in cashing his check was due to racial discrimination. Although the cases go both ways, the use of racial epithets has been held to be outrageous behavior supporting recovery for intentional infliction of emotional distress. See Alcorn v. Anbro Engineering, Inc., 468 P.2d 216,219 n. 4 (Calif. 1970) (use of racial epithet in workplace — trial court's dismissal reversed and case remanded for trial); Contreras v.Crown Zellerbach Corp., 565 P.2d 1173, 1177 (Wash. 1977) (same); Wiggsv. Courshon, 355 F. Sup. 206, 211 (S.D.Fla.) app. dismissed,485 F.2d 1281 (5th Cir. 1973) (racial insult by waitress — recovery upheld); but cf. Lay v. Roux Laboratories, 379 So.2d 451, 452
(Fla.Dist.Ct.App. 1980) (argument over parking spaces involving use of racial epithet held not outrageous). Moreover, racial discrimination in forms other than epithets has also supported a cause of action for intentional infliction of emotional distress. See generally, Recovery ofDamages for Emotional Distress Resulting From Racial, Ethnic or ReligiousAbuse or Discrimination, 40 A.L.R.3d 1290, 1318 (1971).
The problem with the plaintiff's complaint is not that racial discrimination cannot be deemed extreme and outrageous behavior, but rather that the complaint does not adequately plead such discrimination. Connecticut is a fact pleading state. Practice Book § 10-1; Stephenson's Connecticut Civil Procedure, Third Edition, § 31. The plaintiff's allegation that, "upon information and belief Caucasian customers of the bank are never subject to such extreme harassment while cashing checks," is insufficient. It is a conclusory allegation and not a "plain and concise statement" of material fact. Practice Book § 10-1. Moreover, this allegation of racially motivated disparate treatment is the cardinal allegation in the complaint. Absent this claim, enduring a delay in connection with a bank transaction is squarely in the realm of societal annoyance rather than actionable tort.
The plaintiff's allegation of negligent infliction of emotional distress suffers from the same defect. The key element that the plaintiff must allege is that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm.Parsons v. United Technologies Corp., 243 Conn. 66. 88 (1997). Discriminating against a bank customer on the basis of his race may very well create an unreasonable risk of causing emotional distress and potential bodily illness or harm. Simply verifying (albeit slowly) the validity of a check before cashing it would not. Again, the plaintiff's allegation of racial discrimination is too conclusory to support the CT Page 3132-dd cause of action asserted in count three.
 CONCLUSION
For the reasons set forth above, the motion to strike count two and three is granted. This ruling is without prejudice to the plaintiff's right to plead over in accordance with our rules of practice. See Practice Book § 10-44.
So Ordered at New Haven, Connecticut this 28th day of February, 2001.
Devlin, J.